EASTERN DIS.
March, 1833.

ELLIOTT
ET ALS.
vs.
LA-BARRE.

ELLIOTT ET ALS. *vs.* LA BARRE.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where a party claims rent from the day of judicial demand until judgment,
and the inferior court adjudge it, the judgment shall not include the rent
accruing between the day of the rendition of the judgment and its affirmance
by the Supreme Court.

The Supreme Court professes to correct such errors only as are appealed from.

The plaintiffs in the present suit are the heirs of Christopher R. Elliott, who died in one thousand eight hundred and eleven, in the city of New-Orleans, leaving a widow and several minor children then residing in the state of South Carolina.   The object of the suit was the recovery of the rents of a lot of land, situated in New-Orleans, and in the defendant's possession, as was alleged, from the 2d of April, 1831, until the 10th of June, 1832.

In April, one thousand eight hundred and thirty-one, the plaintiffs, by a decree of this court, recovered of the defendant the lot of land, which had been sold by the register of wills without the authority of the court, as part of the vacant succession of the plantiffs' ancestor.   *Vide.* 2 *La. Rep.* 326.

In April, one thousand eight hundred and thirty-two, the same case came again before this court, the vendor of the defendant having appealed from the decision of the District Court, to which the case had been remanded for an inquiry into the rents and profits and the value of the improvements. That court estimated the rents of the lot in question due by the defendant, at the sum of four hundred and seventy dollars.   That court rendered judgment also against the defendant's vendor, for the value of the property and for the rents and profits.   The Supreme Court reversed this decision in several particulars, but left the estimate of the value of the rents untouched.   *Vide.* 3 *La. Rep.* 545.

In June, one thousand eight hundred and thirty-two, according to the final decree of this court, the plaintiffs were

put in possession of the lot. They afterwards instituted the present action to recover the rents from the period of the last decision of the District Court, to the day on which the possession was restored. The plaintiffs had in their petition in the former suit, prayed for rent from the judicial demand to judgment.

The defendant pleaded the exception of *res judicata,* because, as he alleged, the court below had adjudged the subject matter of this suit in the former one. The court sustained this exception, and the plaintiffs appealed.

*Hennen,* for appellants.

*I. W. Smith,* on the same side, made the following points.

1. The thing demanded in the present case, is not that which was claimed and decided on in the former suit; therefore, although, the cause of action and the parties are the same in both cases, the former judgment cannot now sustain the plea in bar of *res judicata.* *La. Code,* 2264, 2265. *Code of Practice,* 539. *Pothier Traité des Oblig. nos.* 851, 889. 1 *Starkie on Ev. p.* 202.

2. The evidence offered by the plaintiffs in the former suit, will not sustain the claim set up in the present action. 10 *Toullier Droit Civil Français, chap.* 6, *sec.* 3, *art.* 1, *nos.* 159, 160. *Kutcheon* vs. *Campbell, reported in* 3 *Wilson's Rep.* 308, 2 *Wm. Blackstone's Rep.* 831, *and* 2 *Shower's Rep.* 213. *Phillips on Ev. p.* 236. 6 *Durnford and East's Term Rep.* 609, *Seddon* vs. *Tutop.*

3. The decision in the former case can reach only to facts existing at the time when it was pronounced, and the rent for which this suit is brought, became due since that period. 10 *Toullier Droit Civil Français, chap.* 6, *sec.* 3, *art.* 1, *no.* 157. 1 *Favard de Langlade, p.* 480, *aux mots chose jugée.* 1 *Starkie on Ev. p.* 185, (*Phil. Ed.* 1832.)

*Denis* and *Soulé, contra.*

MARTIN, J. delivered the opinion of the court.

EASTERN DIS.
*March*, 1833.

ELLIOTT
ET ALS.
*vs:*
LA BARRE.

The plaintiffs claim the rent for a house of theirs, which the defendant occupied or received the rent of, from the 2d of April, 1831, the day on which the District Court gave judgment in their favor, for the recovery of the premises, and the rents then due, until the 10th of June, 1832, on which the possession was surrendered to them on our affirmance of the judgment of the District Court, 3 *Louisiana Reports*, 541, at thirty-two dollars per month, the rate allowed in the District Court. This was resisted on the exception of *res judicata*, the exception was sustained, and the plaintiff appealed.

It appears to us the District Court erred. The judgment of the District Court cannot have been given as to any matter posterior to its rendition, in settling the plaintiffs claim up to the day, and nothing more was asked or could have been given.

Where a party claims rent from the day of judicial demand, until judgment, and the inferior court adjudge it, the judgment shall not include the rent accruing between the day of the rendition of the judgment, and its affirmance by the Supreme Court.

Our judgments profess only to correct errors in those of the first courts which are appealed from. We cannot therefore take notice of any right accruing after the judgment complained of. Our decrees settle, therefore, claims as they stood on the day the District Court settled them. They have rights accruing after the judgment below untouched. The present plaintiffs are consequently entitled to have their claim for any thing posterior to the first judgment examined.

The Supreme Court professes to correct such errors only as are appealed from.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the exception overruled, and the case be remanded for further proceedings, the appellee paying costs in this court.