340 So.2d 335 (1976)
Mrs. Mae Savoie THIBODAUX
v.
Robert A. BURNS, Jr., and James J. Messmer.
No. 10921.
Court of Appeal of Louisiana, First Circuit.
November 15, 1976.
Rehearing Denied December 20, 1976.
*336 John T. Bourgeois, Thibodaux, for plaintiff and appellant.
Jude T. Fanguy, Houma, for defendant-appellee, James J. Messmer.
Edmund McCollam, Houma, for defendant-appellee, Robert A. Burns, Jr.
Before LANDRY, EDWARDS and COLE, JJ.
LANDRY, Judge.
Plaintiff Mrs. Mae Savoie Thibodaux (Appellant) appeals judgment sustaining an exception of res judicata and dismissing her action seeking recovery on a promissory note and recognition and enforcement of the vendor's lien and mortgage securing the indebtedness, against defendants Robert A. Burns, Jr., and James J. Messmer (Appellees). We reverse and remand to the trial court for further proceedings.
On April 30, 1970, Appellees executed a promissory note payable to Appellant in the sum of $17,000.00, due one month from date, bearing interest at 6% per annum, from date, until paid, and providing for attorney's fees in the amount of 20% on principal and interest in event of default. The instrument was paraphed "ne varietur" for identification with an act of sale with mortgage in favor of Appellant, which transaction was passed before Edmund McCollam, Notary Public. The mortgage and an accompanying act of correction executed before Judge Fanguy, Notary Public, were duly recorded in the records of the Clerk and Record, Lafourche Parish.
The mortgage securing subject note contains the following proviso:
". . . provided further that upon payment of ONE HUNDRED (100.00) DOLLARS first to be applied to the crude (sic) interest and the remainder to the principal, an extension of one (1) month will be granted the maker and upon like payments, like extension will be granted the maker until full and final payment."
On July 11, 1974, Appellant filed suit on the note in the District Court, Terrebonne Parish, the action being Number 42,817 on the docket of that court. The petition recites the execution of the note by Appellees, avers the note is paraphed for identification with the act of sale with mortgage by which it is secured and alleges that no payment has been made thereon. The petition also alleges plaintiff's desire that her mortgage be recognized and enforced but makes no reference to the above quoted payment provision contained therein. The prayer of the petition requests judgment against defendants in the sum of $17,000.00, with interest, attorney's fees and costs, and all general and equitable relief.
Messmer answered the original suit on July 18, 1974. He admitted executing the note and mortgage but denied the full amount of $17,000.00 was then due as alleged by Appellant. He alleged punctual payment of $100.00 per month on the note, as permitted under the mortgage. He further alleged that until recently he had been making monthly payments of as much as $400.00 thereby reducing the balance due. He requested permission to pay $100.00 per month on the note into the registry of the court pending outcome of the litigation. His answer concluded with a prayer for dismissal of the suit and for all general and equitable relief.
On September 3, 1974, Burns filed an answer to the original action, coupled with a third party demand against Messmer. He admitted his execution of the note and mortgage and pled the monthly option provision contained in the mortgage. He specifically *337 alleged all monthly payments due had been promptly paid; that some had been paid in advance; and, that at the time of suit payments on the note were well ahead. Additionally, Burns averred that on April 2, 1973, he transferred his half interest in the mortgaged property to Messmer. As third party plaintiff he prayed for judgment against Messmer for all such sums awarded plaintiff in the principal demand. Burns attached to his answer a copy of his transfer to Messmer.
Notwithstanding the foregoing answers, on September 10, 1974, Appellant filed in Suit Number 42,817, an affidavit dated September 3, 1974, alleging payments had been made on the note reducing the balance due to $12,000.00 as of the affidavit date. On September 10, 1974, judgment was rendered confirming a prior preliminary default against Messmer in the sum of $12,000.00 with interest and attorney's fees.
On September 19, 1974, Messmer moved to set aside the default judgment against him. After a hearing, judgment was rendered October 21, 1974, annulling and setting aside the default judgment rendered against Messmer.
On October 15, 1974, Appellant filed suit against Appellees alleging petitioner to be holder of the same note described in the prior action. The petition alleges the note was paraphed for identification with a mortgage which contains the hereinabove quoted payment option. Alleging that no payments were made since August, 1974, the petition claimed $11,700.00 was due and unpaid, together with interest and attorney's fees. Appellant prayed for judgment against Appellees in the sum of $11,700.00, with 6% interest from April 30, 1970, and attorney's fees of 20% on both principal and interest, and for recognition and enforcement of her mortgage as well as all general and equitable relief. This action bears Number 43,536 on the docket of the District Court, Terrebonne Parish.
Messmer responded to the second action by way of declinatory exception of lis pendens filed October 18, 1975, and predicated on pendency of Suit Number 42,817. A similar exception was filed by Burns on October 21, 1974. Both said exceptions were set for hearing on November 15, 1974.
Meanwhile, on November 6, 1974, Appellant voluntarily dismissed suit Number 42, 817, with prejudice. On March 19, 1975, Appellant moved to amend the judgment of dismissal with prejudice on the ground said dismissal was made through inadvertence and oversight. Appellant requested that Appellees be cited to show cause why the judgment of dismissal should not be so amended. This issue was never tried.
Included in the record in suit Number 43,536 is an exception of res judicata, filed November 15, 1974. The exception, however, does not name the party on whose behalf it is tendered. Attached thereto is a copy of the petition filed in suit Number 42,817 and a certified copy of the order dismissing said prior action with prejudice. On September 8, 1975, the trial court dismissed suit Number 43,536 with prejudice. No appeal was taken from this dismissal.
This present action was instituted December 15, 1975, on the same promissory note. The petition alleges no payments have been made on the note since October, 1975, and because no extensions were granted, the full balance of $8,344.51 is due with 6% interest from October 15, 1975, with attorney's fees. Plaintiff prays for judgment in that amount and for recognition and enforcement of her mortgage.
The exception of res judicata, pled herein on December 30, 1975, is predicated on the judgment of dismissal rendered in suit Number 42,817 from which no appeal was taken.
Appellees contend that Appellant's dismissal of her prior action with prejudice has the same effect as though the former suit were dismissed after trial of the merits in full. Therefore, according to Appellees, since the present suit is on the same note, the previous decree has acquired the authority of the thing adjudged. In support of this position, Appellees cite and rely upon LSA-C.C.P. Article 1673 which states that a judgment of dismissal has the same *338 effect as a final judgment of absolute dismissal after trial. Appellees also cite LSA-C.C.P. Article 1841 which defines a judgment as the determination of the rights of parties to an action; which characterizes judgments as interlocutory or final; and, which provides that a final judgment is one which determines the merits of a controversy, in whole or in part. Additionally, Appellees cite LSA-C.C.P. Article 1842 which provides that a final judgment is definitive when it has acquired the authority of the thing adjudged. On this basis, Appellees contend the prior judgment of dismissal with prejudice bars this present action on the same note.
Indubitably, the judgment of dismissal with prejudice rendered in the prior action is final, no longer appealable and is therefore definitive. LSA-C.C.P. Articles 1673, 1841 and 1842. Such a judgment can never be questioned by the parties to the action. LSA-C.C. Article 3556(31).
The question, however, as regards applicability of the principle of res judicata, is whether the previous decree possesses the essential characteristics required by LSA-C.C. Article 2286 to vest it with the authority of a thing adjudged. Article 2286, above, recites that to maintain a plea of res judicata three essentials must exist, namely, the demand must be the same; the demand must be founded on the same cause of action; and, the demand must be between the same parties and formed against each other in the same quality. Moreover, the doctrine of res judicata is stricti juris and any doubt as to its applicability must be resolved in plaintiff's favor. Bullis v. Town of Jackson, 203 La. 289, 14 So.2d 1 (1943); Hope v. Madison, 194 La. 337, 193 So. 666 (1940).
Also pertinent is the rule that the nature of a suit is determined by the pleadings and prayer, not by the label put on it by the parties. Lafont v. Arabie, 132 So.2d 106 (La.App. 1st Cir. 1961); Johnson v. Lemons, 157 So.2d 752 (La.App. 2nd Cir. 1963); Pellegrini v. McCarthy, 175 So.2d 410 (La.App. 4th Cir. 1965). Consequently, a judgment has the authority of a thing adjudged only as to the matters put at issue by the pleadings and actually decided by the court or found to be a necessary consequence of the judgment rendered.
In suit Number 42,817, Appellant declared upon a secured promissory note seeking payment in full of the face value of the note on the claim that no payment whatsoever had been made thereon. The answers conceded defendants' execution of the note, the validity of the obligation and the admission that some portion of the note had been paid and some was still owed. In essence the answers were pleas of prematurity based on the debtors' claim that all payments due on the obligation were currently made and that while a balance was due, plaintiff had no legal right or cause to claim said balance at the time suit was filed. The res judicata requirement that the demand must be founded on the same cause of action refers to the fact or facts giving rise to the judicial relief sought or to the principle generating the right asserted. See Comment, 35 La. Law Review 157 (1974). In the initial suit, the cause of action was based upon a note and the alleged failure of the makers to make any payment whatsoever thereon, thereby entitling the holder to judgment in the face amount of the obligation, with stipulated interest and attorney's fees. The terms of the mortgage granting makers the option of extending payment in full for one month from note date, upon paying $100.00 to be applied first to principal and the remainder to interest, and of making similar monthly payments until the obligation was paid in full, in effect converted the note into an installment note, at maker's option. The pleadings in the initial suit make it clear that makers had exercised said option and had made all such monthly payments promptly when due and had even paid some installments in advance. So long as makers exercised the option, plaintiff as holder, had no cause to sue on the obligation. In essence this is what makers pled in defense of the action. Plaintiff's affidavit of September *339 3, 1974, conceding payments on the note which reduced the balance due to $12,000.00 was an admission of payments, either before or since suit was filed. Since the default judgment rendered in favor of plaintiff and against Messmer for $12,000.00 was set aside, it is a matter of no moment. A judgment declared null is as though it were never rendered. LSA-C.C.P. Articles 2001, 2002(2).
The second action, for an alleged balance of $11,700.00, is predicated upon makers' alleged failure to make the monthly payment due in August, 1974, and no extension being granted beyond September, 1974, consequently holder had a cause of action to demand payment of the balance in full. This second action therefore was a separate and distinct cause of action from the first in that it is based on an alleged subsequent default. This action, dismissed on a plea of res judicata, has acquired the authority of a thing adjudged inasmuch as it was not appealed.
The present action, however, is an entirely separate and distinct cause of action. It is a demand for judgment for $8,344.51, allegedly due and owing at once in full because of a new set of facts and circumstances, namely, Appellees' failure to make payments of $100.00 per month in November and December, 1975, or otherwise obtain an extension from holder.
The thing demanded in this action is not the same as that demanded in the prior suits. While all of the actions are predicated on the same promissory note, the judgments in the prior suits are definitive only as to the demands therein made and the facts determinative thereof. The amount sought in this action is allegedly due because of facts and circumstances occurring since the prior judgments were pronounced. The question of whether the present balance sought to be recovered is presently due, has not heretofore been raised or litigated. See 10 Toullier, Droit civil Francais, Chap. 6, Sec. 3, Art. 1, No. 157. In Elliott v. La Barre, 5 La. 223 (1833), our Supreme Court appropriately noted that the Court's decrees "settle, therefore claims as they stood on the day the District Court settled them. They have rights accruing after the judgment below untouched".
We note that in Untereiner v. Shepard, 52 La.Ann. 1809, 28 So. 319 (1900), the Supreme Court declared:
". . . where a suit for rent is brought before the expiration of the lease, upon the theory that the last month's rent has become constructively due, under the terms of such lease, by reason of default with respect to previous months, and the judgment, predicated upon the theory that there had been no such default, rejects the demand, such judgment does not, of necessity, conclude the lessor with respect to such last month's rent, thereafter actually falling due."
State v. American Sugar Refining Co., 108 La. 603, 32 So. 965 (1902), is the landmark decision in our jurisprudence concerning the principle of res judicata. In that case the State sued to enforce a statutory license against defendant as a sugar refiner for the year 1898 and prior years. The question was whether a refiner was a manufacturer and as such exempt from the tax. The court held that a refiner was not a manufacturer and therefore not exempt from the tax. Two years later, the State sued the same defendant for licenses due for the years 1900 and 1901. Defendant again contended it was a manufacturer. The State's plea of res judicata was overruled on the ground that the first suit involved an issue of law, namely, statutory construction as to which there could be no objection to its re-litigation, provided the issue is raised under a different set of facts. In explaining the principle of res judicata, the Court made the following pertinent remarks:
"The basic principle of res judicata is found in the necessity that a time should come when the litigation shall cease, in order that the decree of the court may be carried out. This is what the law concerns itself with, that the object of the judgment shall not remain eternally in suspense, but be delivered into the quiet *340 and undisturbed possession of the successful litigant. This is what the Code means when it says that `The authority of the thing adjudged takes place only with respect to what was the object of the judgment.' The law by virtue of which the object of the judgment is delivered is no part of the object of the judgment. It is only one of the reasons for judgment, and res judicata does not take place with respect to the reasons for judgment, but `only with respect to what was the object of the judgment.' Res judicata deals, if we may so express ourselves, with the decree of the court, as contradistinguished from the judgment of the court. To give it a wider scope than this is to confound it with stare decisis. The office and function and utility of res judicata is not to settle law questions, but to lend stability to a decree in order that such decree may have effect."
Utilizing the foregoing rationale, the Court in State v. American Sugar Refining Co., above, overruled the plea of res judicata on the ground that the demand was not the same because the second suit sought license due for business conducted after the first litigation. The Court also noted that while the second action was brought under the same statute as the first, res judicata did not apply because one of the prime generative causes of the action was different, namely, the action of defendant in continuing business after the first judgment.
On the question of subsequent actions of a party giving rise to a separate and distinct cause of action which precludes application of the principle of res judicata, we note the Supreme Court's recent decision in Nicholson v. Holloway Planting Company, Inc., 284 So.2d 898 (La.1973). In this case the Court concluded that a finding of interference in 1966 with a neighbor's use of his land which did not warrant injunctive relief, did not preclude a party's right to prove interference in 1970. In so holding the Court observed:
"To hold otherwise would require us to hold that a party having once lost a mandatory injunction suit against a given neighbor, perhaps for failure to prove at that time the neighbor's assertedly illegal conduct (for example, a trespass) would be forever barred from bringing another such suit, even if he could prove a later transgression."
Appellees place considerable reliance on Securities Finance Company v. Washington, 195 So.2d 733 (La.App. 1st Cir. 1967), in urging that dismissal with prejudice of a nonsuit on a note precludes further action on the instrument. We find the cited authority distinguishable in that the allegations and issues presented and determined in the first action on the note are not set forth in the opinion. From this we conclude the allegations, contentions and operative facts involved in the second suit are identical to those in the first, and consequently the plea of res judicata was properly upheld.
In this instance the cause of action is founded on the same instrument but it is a different cause of action from those presented in the prior suits. This present suit is for a different demand, namely, an alleged lesser balance due on the same note. The cause of action is not the same in that, while the suit is on the same note, the generative cause of the present demand is entirely separate and distinct from those pled in the former actions, namely, an alleged subsequent default. We hold therefore, res judicata is inapplicable herein.
The judgment of the trial court maintaining the exceptions of res judicata filed by defendants herein is reversed and said exceptions overruled and this matter remanded to the trial court for further proceedings consistent with the views herein expressed, all costs of this appeal to be paid by defendants-Appellees.
Reversed and remanded.