747 So.2d 813 (1999)
Dan C. FRISARD
v.
Jo Ann[1] L. AUTIN a/k/a Jo Ann Ulmer.
No. 98 CA 2637.
Court of Appeal of Louisiana, First Circuit.
December 28, 1999.
*815 Ernest N. Souhlas, Covington, Louisiana, for plaintiff/appellant, Dan C. Frisard, D.V.M.
Lindsey M. Ladouceur, Gwendolyn M. Hanhart, New Orleans, Louisiana, for defendants/appellees, Jo Ann L. Autin and Louis J. Ulmer.
Claude C. Lightfoot, Jr., Metairie, Louisiana, for intervenor, Cynthia L. Traina.
BEFORE: GONZALES, FITZSIMMONS and WEIMER, JJ.
GONZALES, J.
This is an appeal from the grant of a motion for partial summary judgment. In the judgment, the trial court declared (1) a November 12, 1986 judgment in favor of Dan C. Frisard, D.V.M., and against Jo Ann L. Autin and Jerry M. Autin, and (2) a May 23, 1990 sheriff's sale of immovable property owned by Jo Ann L. Autin a/k/a Jo Ann Ulmer (Ms. Ulmer) and Louis J. Ulmer to Dr. Frisard to be absolute nullities. The judgment "annulled, vacated, and set aside" the November 12, 1986 judgment and the May 23, 1990 sheriff's sale. Dr. Frisard appeals from this adverse judgment.

FACTUAL AND PROCEDURAL BACKGROUND
In 1984, Ms. Ulmer and her then husband, Jerry M. Autin, listed a house for sale with Buccola-McKinzie, Inc., a real estate corporation. Dr. Frisard made an offer to buy the house for $170,000.00. In accordance with the purchase agreement, he gave the listing agent a deposit in the form of a $1,000.00 check and a $16,000.00 promissory note. When Dr. Frisard discovered the size of the lot upon which the house was located was smaller than originally represented to him, he sought a diminution in price from Ms. Ulmer and Mr. Autin.[2] The sellers refused to lower the price, and Dr. Frisard declined to proceed with the sale of the house.
On May 29, 1985, Ms. Ulmer, Mr. Autin, and Buccola-McKinzie, Inc. filed suit against Dr. Frisard in Jefferson Parish seeking a judgment totalling $27,200.00, representing the ten percent real estate *816 deposit and a six percent real estate commission. Dr. Frisard filed a reconventional demand, seeking return of his deposit. By judgment dated October 14, 1986, Dr. Frisard was awarded $17,000.00.[3] The judgment awarded damages against Ms. Ulmer, but not against Mr. Autin or Buccola-McKinzie, Inc. This judgment will be referred to herein as the "original judgment." On November 12, 1986, the trial court, apparently on its own motion, signed an "Amended Judgment" in favor of Dr. Frisard for the same amount of $17,000.00; however, this judgment awarded damages against Ms. Ulmer and Mr. Autin.[4] This judgment will be referred to herein as the "amended judgment."
Dr. Frisard recorded the amended judgment in the records of St. Tammany Parish, and on December 21, 1989, he filed a petition in that parish against Ms. Ulmer to have the amended judgment made executory against certain property of Ms. Ulmer. On January 10, 1990, the St. Tammany Parish Sheriff seized immovable property owned by Ms. Ulmer, and her current husband, Louis J. Ulmer, located in Covington, Louisiana (the Deni Court property). On May 23, 1990, Dr. Frisard purchased Ms. Ulmer's interest in the Deni Court property at a sheriff's sale for $59,000.00.[5] Apparently, however, the price paid by Dr. Frisard was based on the appraised value of the entire Deni Court property rather than on Ms. Ulmer's one-half interest in the property alone.
On March 10, 1994, Dr. Frisard filed a "Petition for Partial Refund of Sheriff's Sale/Seizure Fees or Alternatively for Deed Correction," seeking (1) a refund of the alleged excessive "seizure and sale commission fee" he paid to the St. Tammany Parish Sheriff in connection with the sheriffs sale, or (2) an order to the sheriff to issue to Dr. Frisard a corrected deed making him owner of the entire Deni Court property.[6] In response, on May 22, 1995, Mr. and Ms. Ulmer filed a "Petition of Intervention, for Declaratory Judgment, and Alternatively, for Partition of Immovable Property, an Accounting, and Damages," which, after a later amendment,[7] sought to have the amended judgment and the subsequent sheriffs sale of the Deni Court property declared nullities, and alternatively, sought a declaratory judgment recognizing Mr. Ulmer as part owner of the Deni Court property.
*817 On January 6, 1998, the Ulmers filed a "Motion for Partial Summary Judgment," seeking a judgment annulling and setting aside the amended judgment and the May 23, 1990 sheriff's sale. Dr. Frisard filed an opposition to the motion. On May 21, 1998, the trial court signed a judgment, granting the Ulmers' motion in part, and denying the motion in part. The judgment "annulled, vacated and set aside" the amended judgment and the May 23, 1990 sheriff's sale.[8]
Dr. Frisard appeals from the May 21, 1998 judgment, asserting the following assignments of error:
1. The trial court erred in determining that the amended judgment, which was issued to correct ambiguity in the original judgment, was an absolute nullity.
2. The trial court erred in determining the seizure and sale resulting from the execution of the amended judgment was also a nullity.
3. The trial court erred in failing to attempt to reinstate the original judgment subject to a timely filed Motion to Revive by Dr. Frisard.
4. The trial court failed to dismiss the motion for partial summary judgment because the appellees failed to attach evidentiary exhibits to their motion.
The Ulmers answered the appeal, requesting that this court consider the issue of the alleged inadequacy of Dr. Frisard's bid at the sheriff's sale as an alternative basis for setting aside the sale. We need not address this issue in light of our resolution of this appeal.

PROCEDURE FOR FILING DOCUMENTATION IN SUPPORT OF A MOTION FOR SUMMARY JUDGMENT
In his fourth assignment of error, Dr. Frisard contends the trial court erred by not dismissing the Ulmers' motion for partial summary judgment, because the exhibits submitted in support of the motion were attached to the Ulmers' memorandum in support of their motion rather than to the motion itself.
A motion for summary judgment shall only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). Dr. Frisard correctly points to this court's position that a legal memorandum is not one of the types of documents which can be considered under La.C.C.P. art. 966(B), and consequently, attachments to a legal memorandum should also not be considered by the trial court in its consideration of a motion for summary judgment. Anderson v. Allstate Insurance Company, 93-1102 (La.App. 1 Cir. 4/8/94), 642 So.2d 208, 214 (on rehearing), writ denied, 94-2400 (La.11/29/94), 646 So.2d 404; Dyes v. Isuzu Motors, Limited in Japan, 611 So.2d 126, 128 (La.App. 1 Cir.1992). In this case, the Ulmers did not attach their supporting documentation as exhibits to their motion for partial summary judgment. However, in the motion, the Ulmers stated, "In support of their Motion for Partial Summary Judgment, intervenors submit their Memorandum in Support of Motion for Partial Summary Judgment, with the exhibits attached thereto, filed contemporaneously herewith, as though copied herein in extenso." (Emphasis added.) We interpret this language as the incorporation of both the supporting memorandum and the attached exhibits into the Ulmers' motion for partial summary judgment, and we conclude this language is the functional equivalent of attaching the memorandum and exhibits to *818 the motion. This assignment of error is without merit.[9]

NULLITY OF THE AMENDED JUDGMENT
In assignment of error number one, Dr. Frisard contends the trial court erred in declaring the amended judgment to be an absolute nullity based on its conclusion that the addition of Mr. Autin's name as a party cast in judgment constituted an impermissible substantive change to the original judgment.
The trial court's amendment to the original judgment is best analyzed by reproducing the actual language used. The relevant portion of the original judgment reads:
The court having considered the pleadings, the evidence adduced at trial and the memoranda of counsel, and being of the opinion that there should be judgment herein in favor of the defendant, Dan C. Frisard, D.V.M[.], and against the plaintiffs, [Jo Ann] L. Autin, Jerry M. Autin and Buccola-McKinzie, Inc., and therefore,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the defendant, Dan C. Frisard, D.V.M. and against the plaintiff, [Jo Ann] L. Autin, in the amount of Seventeen Thousand Dollars ($17,000), together with a like amount as penalty with legal interest thereon and all costs of these proceedings. (Emphasis added.)
The language used by the trial court in the first paragraph of the amended judgment is identical to the language used in the first paragraph of the original judgment. However, the second paragraph of the amended judgment reads:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the defendant, Dan C. Frisard, D.V.M., and against the plaintiffs, [Jo Ann] L. Autin and Jerry M. Autin, in the amount of Seventeen Thousand Dollars ($17,000), together with a like amount as penalty with legal interest thereon and all costs of these proceedings. (Emphasis and underscoring added.)
The underscoring in the above paragraph indicates the amendment made by the trial court in the amended judgment; that is, in the second paragraph of the judgment, the trial court added Mr. Autin as a party being cast in judgment for the damage award of $17,000.00.
Louisiana Code of Civil Procedure article 1951 allows a trial court to amend a final judgment, on its own motion, (1) to alter the phraseology of the judgment, but not the substance, or (2) to correct errors of calculation. A judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448, 450 (La. 1978). However, an amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. Starnes v. Asplundh Tree Expert Company, 94-1647 (La.App. 1 Cir. 10/6/95), 670 So.2d 1242, 1246. Substantive amendments to judgments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. Creel v. Bogalusa Community Medical Center, 580 So.2d 551, 552 (La.App. 1st Cir.), writ denied, 585 So.2d 567 (La.1991). The Louisiana Supreme Court has also recognized that, on its own motion, and with the consent of the parties, the trial court may amend a judgment substantively. Villaume, 363 So.2d at 451. In this *819 case, it is undisputed that the trial court rendered the amended judgment on its own motion; however, the amendment was apparently made without the consent of the parties.
The addition of a party to a judgment has been held to constitute a substantive change. Pitard v. Schmittzehe, 28,571 (La.App. 2 Cir. 8/21/96), 679 So.2d 515, 517-518; Caracci v. Williams, 95-16 (La. App. 5 Cir. 5/10/95), 654 So.2d 889, 891, writ denied, 95-1615 (La.11/3/95), 661 So.2d 985; Borchardt v. Carline, 617 So.2d 970, 972-973 (La.App. 4 Cir.), writ denied, 620 So.2d 844 (La.1993). Dr. Frisard argues the omission of Mr. Autin's name from the second paragraph of the original judgment was merely a "clerical error," that the addition of Mr. Autin's name in the second paragraph of the amended judgment was merely a correction of the clerical error, and that it did not constitute the addition of a party. We disagree. As written, the original judgment made a single award of $17,000.00 against a single defendant, Ms. Ulmer. In the amended judgment, the single award of $17,000.00 was changed to an award against two defendants, Ms. Ulmer and Mr. Autin. Clearly, this change added something of substance to the original judgment, notwithstanding the fact that Mr. Autin's name appeared in the first paragraph of both judgments.[10]
When a trial court substantively amends a judgment without recourse to the proper procedure, the amended judgment is an absolute nullity. LaBove v. Theriot, 597 So.2d 1007, 1010 (La.1992); Starnes, 670 So.2d at 1246; Rodgers v. Rodgers, 26,093 (La.App. 2 Cir. 9/21/94), 643 So.2d 764, 766. If a judgment is an absolute nullity, such nullity may be invoked by anyone against whom it is interposed and whenever and wherever it is asserted. Decuir v. Decuir, 105 La. 481, 29 So. 932, 933-934 (1901). Therefore, the trial court correctly concluded that the amended judgment in this case, containing substantive changes to the original judgment, is an absolute nullity.[11]

VALIDITY OF THE SHERIFF'S SALE
In his second assignment of error, Dr. Frisard argues the trial court erred in also declaring the May 23, 1990 sheriff's sale to be null. Citing Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671 (1940), Dr. Frisard argues that, *820 even if the amended judgment was an absolute nullity, the sheriff's sale remains valid because the Ulmers did not challenge the amended judgment prior to the sale and cannot now reverse that which was done while the judgment was executory. However, the Wetherbee case is distinguishable from the present case. In Wetherbee, 193 So. at 676, the Louisiana Supreme Court repeated the jurisprudential rule that "the validity of sales made in the execution of judgments after they become executory is not affected by a subsequent reversal of the judgment on devolutive appeal." See also State v. Mutual Inv. Co., 214 La. 356, 37 So.2d 817, 818 (1948). The Wetherbee rule is a correct statement of the law regarding sales conducted pursuant to valid judgments that are subsequently reversed. That is, the execution of valid judgments should not be hindered by the losing litigant's failure to suspensively appeal the judgment. If the party cast in the judgment fails to protect his rights by suspending the execution of the judgment in the manner provided by law, he cannot undo that which was done by virtue of the judgment while it was executory. Wetherbee, 193 So. at 677. However, a judgment declared null is different than a judgment reversed on appeal, because a null judgment is as though it were never rendered. Thibodaux v. Burns, 340 So.2d 335, 339 (La.App. 1 Cir.1976). Whereas a judgment reversed on appeal is valid until reversed, a null judgment is never valid, and any proceedings conducted under the authority of a null judgment are absolutely void. Wadsworth v. Alexius, 234 La. 187, 99 So.2d 77, 80 (1958). Thus, the Wetherbee rule is factually inapplicable to the present case.
Dr. Frisard directs our attention to Sellers v. Sellers, 95-196 (La.App. 3 Cir. 5/31/95), 660 So.2d 499, writs denied, 95-2580 (La.12/15/95), 664 So.2d 444 and 95-2687 (La.12/15/95), 664 So.2d 445, wherein the third circuit court of appeal declined to set aside a sheriff's sale conducted pursuant to an absolutely null judgment. The Sellers court stated, 660 So.2d at 502, "[t]hese facts are comparable to a sheriff's sale on a judgment which is subsequently reversed on devolutive appeal. It has long been well established that the validity of sheriff sales made in execution of judgments which are executory are not affected by the subsequent reversal of the judgment on appeal." We respectfully disagree with the Sellers opinion for the reasons set forth above. An absolutely null judgment, which is never valid, is not comparable to a valid judgment subsequently reversed on devolutive appeal.
We also note Dr. Frisard's argument that the trial court incorrectly interpreted Houston Oil Field Material Co., Inc. v. Pioneer Oil & Gas Co., Inc., 211 So.2d 681 (La.App. 4 Cir.1968) in determining that the sheriff's sale was null. Dr. Frisard seems to argue that the Houston Oil Field Material Co., Inc. case supports a conclusion that the amended judgment is executable against Ms. Ulmer's property, even if not executable against Mr. Autin's property. The argument is in error. An absolutely null judgment cannot be partially valid and partially null. It is as though it were never rendered. See Woodson Construction Company, Inc. v. R.L. Abshire Construction Company, Inc., 459 So.2d 566, 571 (La.App. 3d Cir.1984) and Thibodaux, 340 So.2d at 339.
The trial court correctly determined that the May 23, 1990 sheriff's sale was null because it was conducted pursuant to the amended judgment which was also absolutely null. This assignment of error is without merit.

REINSTATEMENT OF ORIGINAL JUDGMENT
In assignment of error number three, Dr. Frisard contends the trial court erred in failing to reinstate the original judgment after declaring the amended judgment was an absolute nullity.
Reinstatement of the original judgment is the usual remedy when an *821 amended judgment is determined to be an absolute nullity. Rhodes v. Rhodes, 97-912 (La.App. 5 Cir. 3/11/98), 708 So.2d 1240, 1242; Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc., 96-309 (La.App. 5 Cir. 10/16/96), 683 So.2d 836, 839; Rodgers, 643 So.2d at 766. Accordingly, we will affirm the nullity of the amended judgment and note the existence of the original judgment. However, we express no opinion as to the value of the original judgment, in light of issues regarding prescription and Ms. Ulmer's past involvement in bankruptcy proceedings. See La.C.C. art. 3501.

DECREE
For the foregoing reasons, we AFFIRM the judgment of the trial court which "annulled, vacated, and set aside" the November 12, 1986 judgment and the May 23, 1990 sheriff's sale. Costs of this appeal are assessed to Dan C. Frisard, D.V.M.
NOTES
[1] Although spelled differently throughout the record, Ms. Ulmer's signature, also found on documents in the record, indicates the proper spelling of her first name is "Jo Ann."
[2] According to the Jefferson Parish district court's reasons for judgment, the purchase agreement stated the lot size was 75 feet by 125 feet. In fact, the lot size was 70 feet by 120 feet, a difference of 10.4 percent square footage. We note the purchase agreement actually stated the lot size to be "75 × 125 or per title ."
[3] The October 14, 1986 judgment actually awarded Mr. Frisard $17,000.00 "together with a like amount as penalty ..." which made the total award $34,000.00. However, according to the Ulmers' brief, $17,000.00 of the judgment was paid to Mr. Frisard by Buccola-McKinzie, Inc., and only the "like amount as penalty" remained due under the judgment.
[4] Buccola-McKinzie, Inc. was not named in the amended judgment. Any claim by or against this defendant-in-reconvention is not at issue in this appeal.
[5] The trial court's reasons for judgment indicate the "entire interest in the property was sold to Mr. Frisard in error." The proces verbal issued by the St. Tammany Sheriff indicates that only Ms. Ulmer's interest in the property was sold at the sale. In his "Petition for Partial Refund of Sheriff's Sale/Seizure Fees or Alternatively for Deed Correction" and his "Amending Petition for Correct Deed or for Refund and New Sale," Mr. Frisard represents that the deed he received from the sheriff after the sale declared that he was only deeded Ms. Ulmer's interest in the Deni Court property. The record does not indicate what ownership documents Mr. Frisard received after the sale. Further, the record is unclear as to whether the entire Deni Court property was appraised or if only Mrs. Ulmer's interest in the property was appraised; the appraisal is not contained in the record.
[6] Mr. Frisard later amended his petition, on April 16, 1997, by filing an "Amending Petition for Correct Deed or For Refund and New Sale." In the amended petition, he requested that the sheriff be ordered to deed to Mr. Frisard all of the Deni Court property, or that the May 23, 1990 sheriff's sale be declared an absolute nullity, and that the sale be redone.
[7] The Ulmers amended their petition of intervention, on February 7, 1996, by filing a "First Supplemental and Amending Petition of Intervention, for Declaratory Judgment, for Nullity, for an Accounting and Damages, and alternatively, for Partition of Immovable Property, Accounting and Damages."
[8] The trial court designated the partial judgment as a final judgment pursuant to La. C.C.P. art. 1915(B)(1).
[9] We also note that, in a case where a district court's local rules required that motions and memoranda be filed with the trial court simultaneously, the Louisiana Supreme Court disapproved of this court's requirement that evidence submitted in support of a motion for summary judgment be attached to the motion itself. See Aydell v. Sterns, 98-3135 (La.2/26/99), 731 So.2d 189.
[10] Mr. Frisard argues the case of Glen Falls Indemnity Co. v. Manning, 168 So. 787 (La. App.1936) provides applicable guidance in the present case. In Glen Falls Indemnity Co., 168 So. at 789, a judgment rendered "against the defendant, Paul E. Manning, et als." was later amended by the trial court to be against Paul E. Manning, Emile de Smet Silva and Mrs. Arthemise Manning, wife of Emile de Smet Silva, in solido. The court of appeal held the amendment "did not enlarge, or in any way alter the original decree which had been entered, but merely explained the use of the expression `et als.' which had been inserted in the original judgment." In the present case, the award of damages in the original judgment was made solely against Ms. Ulmer; we decline to interpret the language of the first paragraph (where Mr. Autin is named) as analogous to the "et als." phrase used in the Glen Falls Indemnity Co. case. To do so would engraft the names of all three defendants named in the first paragraph into the second paragraph of the original judgment. This result was clearly not intended by the trial court, because an award of damages was never made against Buccola-McKinzie, Inc., the third defendant named in the first paragraph of the judgments.
[11] Jurisprudence holds that an action to annul a judgment must be brought in the trial court that rendered the judgment. See Licoho Enterprises, Inc. v. Succession of Champagne, 283 So.2d 217 (1973). However, this rule applies to relatively null judgments, not absolutely null judgments. See Decuir, 29 So. at 933-934; see also Barron v. Oden, 345 So.2d 998, 999 (La.App. 2 Cir.), writ denied, 349 So.2d 335 (La.1977) and Board of Commissioners for Fifth Louisiana Levee District v. Hollybrook Land Company, 191 So.2d 724, 725 (La.App. 2 Cir.1966), writ refused, 250 La. 18, 193 So.2d 528 (1967). Therefore, the district court in the present case correctly determined the amended judgment rendered by the Jefferson Parish court was absolutely null.