DOWNING, J.
 

 12This is an appeal from a judgment amending an eaidier final judgment of partition pursuant to the plaintiffs Rule to Amend Judgment. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Plaintiff, Gwen Tate, and defendant, Roger Dale Tate, were divorced in 1990. On April 26, 2000, plaintiff filed a petition for partition of community property, seeking judicial partition of the community lia
 
 *1011
 
 bilities and assets, including defendant’s state retirement. By judgment dated July 1, 2002, the trial court partitioned the parties’ assets and liabilities and specifically partitioned the community’s interest in defendant’s state retirement as follows:
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that GWEN TATE is entitled to the
 
 Sims
 
 calculation of Defendant’s retirement, being
 

 One-half (1/2) of a fraction, the numerator of which is the portion of the lump sum refund of accumulated contributions or of the benefit which is attributable to the years of service credit earned or purchased by Roger Dale Tate during the existence of the aforesaid community property regime, to wit, from September 29, 1969, until March 22, 1988, and
 
 the denominator of which is the total lump
 
 sum.
 
 or benefit.
 

 (Emphasis by italics added). Neither party filed a motion for new trial in regard to the July 1, 2002 judgment of partition, nor was the judgment appealed.
 

 On November 14, 2007, Plaintiff filed a Rule to Amend Judgment, averring that the portion of the July 2, 2002 judgment partitioning the community’s interest in defendant’s state retirement “was not drafted correctly and must be modified.” Thus, plaintiff sought to have the July 1, 2002 judgment amended to reflect a change in the denominator of the | ..¡formula from “the total lump sum or benefit,” as provided in the original judgment, to “the total number of years of service credit ROGER DALE TATE has with LASERS as of the date of fund [sic] or benefits become payable by LASERS.”
 

 Defendant responded by filing a declina-tory exception raising the objection of lack of subject matter jurisdiction and a peremptory exception raising the objection of no cause of action. Defendant averred that the amendment sought by plaintiff in her Rule to Amend was substantive. Thus, he asserted that because plaintiff had not filed a motion for new trial or appealed the July 1, 2002 judgment, the trial court was now without jurisdiction to amend the substance of the judgment. Additionally, defendant averred that the Rule to Amend failed to state a cause of action because, even if the facts set forth in the Rule were accepted as true, the requested amendment could not be allowed.
 

 A hearing was conducted on the rule and exceptions, at which time counsel for plaintiff introduced into evidence a letter from the Louisiana State Employees’ Retirement System (LASERS), indicating that LASERS could not divide defendant’s LASERS benefit with plaintiff because the judgment of partition was drafted incorrectly. At the close of the hearing, the trial court stated that it believed the requested amendment “under [LSA-C.C.P. art.] 1951(1) is just altering the phraseology of the judgment and not the substance.” Accordingly, the trial court signed a judgment, dated May 27, 2008, denying defendant’s exceptions and amending the July 1, 2002 judgment to provide as follows:
 

 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that GWEN TATE is entitled to the
 
 Sims
 
 calculation of Defendant’s retirement, being
 

 |4One half (1/2) of a fraction, the numerator of which is the portion of the lump sum refund of accumulated contributions or benefit which is attributable to the years of service credit earned or purchased by Roger Dale Tate during the existence of the aforementioned community property regime, to wit, from September 29, 1969, until March 22, 1988, and
 
 the denominator of which is the total number of years of service
 
 
 *1012
 

 credit ROGER DALE TATE has with LASERS as of the date of fund [sic] or benefits become payable by LASERS.
 

 (Emphasis by italics added).
 

 From this judgment, Defendant appeals, contending that the trial court erred in: (1) amending the July 1, 2002 judgment to change its substance; and (2) denying defendant’s exceptions.
 
 [1]
 

 DISCUSSION
 

 Defendant argues on appeal that the May 27, 2008 amendment was an impermissible substantive amendment that contravenes La. C.C.P. art.1951.
 
 [2]
 
 Defendant argues, therefore, that the May 27, 2008 amended judgment is an absolute nullity. We disagree.
 

 Louisiana Revised Statutes 9:2801B governs the amendment of judgments that partition retirement benefits until the order “has been granted ‘qualified’ status” from the appropriate administrator, as follows:
 

 Those provisions of a domestic relations order or other judgment which partitions retirement or other deferred work benefits between former spouses shall be considered interlocutory until the domestic relations order has been granted “qualified” status from the plan administrator and/or until the judgment has been approved by the appropriate federal or state authority as being in compliance with applicable laws. Amendments to this interlocutory judgment to conform to the provisions of the plan shall be made with the consent of the parties
 
 or
 
 following a contradictory hearing by the court |swhich granted the interlocutory judgment. The court issuing the domestic relations order or judgment shall maintain continuing jurisdiction over the subject matter and the parties until final resolution. (Emphasis added.)
 

 This provision was added to La. R.S. 9:2801 by 2001 Acts 493 and governs the judgment before us, which was signed on July 1, 2002.
 

 Here, Plaintiff sought to amend the judgment of partition because LASERS rejected it for non-compliance with its requirements. Since the judgment had not “been granted qualified status from the plan administrator,” it remained an interlocutory decree subject to revision.
 
 See
 
 above. Defendant obviously did not agree to the amendment, so the trial court held a hearing, as required by La. R.S. 9:2801 B. Accordingly, while not specifically mentioning La. R.S. 9:2801, the trial court followed the required procedure before amending the interlocutory judgment.
 

 Further, the trial court found that the language in both judgnents had the same meaning; that the amendment was no more than an alteration of phraseology. Defendant contends in his brief on appeal that the amendment awards plaintiff “a larger percentage,” but he offered no evidence to support this allegation. Indeed, as set forth in both the original and amended judgments, plaintiff was awarded her proportionate share of defendant’s re
 
 *1013
 
 tirement fund. The trial court’s finding in this regard, therefore, is not manifestly erroneous.
 

 Accordingly, on the record before us, we find no merit to Defendant’s argument that the amendment to the July 1, 2002 judgment was improper. Thus, we affirm the trial court’s May 27, 2008 judgment amending its earlier July 1, 2002 judgment to correct the award to plaintiff of her portion of | ^defendant’s LASERS retirement fund such that LASERS can distribute to plaintiff the interest .in the fund awarded to her in the July 1, 2002 judgment.
 

 DECREE
 

 For the above and foregoing reasons, we affirm the May 27, 2008 judgment of the trial court. Costs of this appeal are assessed against defendant, Dale Tate.
 

 AFFIRMED.
 

 [1]
 

 . While defendant lists two assignments of error, his second assignment of error is not individually briefed. Rather, his argument in brief addresses his first assignment of error regarding the propriety of the trial court's amendment of its earlier judgment. Accordingly, we will similarly address the propriety of the trial court’s amendment of its earlier judgment.
 

 [2]
 

 . Louisiana Code of Civil Procedure art.1951 provides that a final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on the motion of any party; (1) to alter the phraseology of the judgment, but not the substance; or (2) to correct errors of calculation.