PETTIGREW, J.
| Jn this case, appellant challenges an executory judgment of the trial court, which subjected appellant’s Thrift Savings Plan (“TSP”) to seizure for restitution of his ex-wife’s criminal theft from her previous employer. For the reasons that follow, we annul and set aside the trial court’s supplemental and amended judgments and reinstate the trial court’s original executory judgment.
FACTS AND PROCEDURAL HISTORY
The named defendant in this matter, Deborah D. Black, is the ex-wife of appellant, William M. Black, who was a co-defendant in the underlying criminal case. At the conclusion of the criminal proceedings below, Mrs. Black was found guilty of two counts of felony theft over $500.00 pursuant to La. R.S. 14:67 for embezzlement from her former employer, Galling-house and Associates, Inc. and G & A Publishing, Inc. (“Gallinghouse”). Mr. Black was found not guilty on all charges. On September 22, 2011, the trial court sentenced Mrs. Black to serve six years at hard labor on each count, concurrently, and ordered that restitution be considered by the Parole Board prior to any release from custody. With regard to restitution, the trial court stated:
The Court is going to recommend to the Parole Board that restitution in the amount of $154,154.20 and $206,565.51 be ordered upon Mrs. Black’s release form the Department of Corrections.
The Court will provide notice today to the defense that the Court intends to sign a civil judgment pursuant to the provisions of Article 886.1 of the Code of Criminal Procedure in that amount against Mrs. Black upon presentation, pursuant to the statute, or may be presented to the Court by the State sixty (60) days after sentencing, as provided by the statute.[1]
*3 On November 18, 2011, Gallinghouse filed a motion to execute and make execu-tory the judgment of restitution against Mrs. Black.[2] The matter proceeded to a | shearing on February 23, 2012, and the trial court signed an “Executory Judgment” on March 15, 2012, that provided, in pertinent part, as follows:
The Court after reviewing the record, pleadings and accepting the parties’ stipulations 1.) that Deborah D. Black dismisses her appeal; 2) there is no pending appeal; and 3) there is nonpayment of restitution to Gallinghouse and Associates, Inc., and G & A Publishing, Inc., •within sixty days after sentence, issues the following decrees.
IT IS ORDERED that judgment is hereby entered over and against Deborah D. Black in the amounts of $154,154.20 and $206,565.51 (total $360,-719.71) respectively, plus judicial interest thereon beginning November 18th, 2011, plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce this judgment in either civil or criminal court or both.
IT IS ORDERED that this judgment is hereby made immediately executory.
On January 16, 2013, Gallinghouse filed a motion to amend the March 15, 2012 executory judgment to allow for satisfaction of the judgment through the garnishment of the TSP held in the name of Mr. Black. Gallinghouse argued that because the TSP was community property, it could be used to satisfy Mrs. Black’s restitution obligation. Gallinghouse further asserted that all elements of the trial court’s execu-tory judgment fell within the federal sentencing provisions set forth in 18 U.S.C.A. § 3663A (“Mandatory restitution to victims of certain crimes”).[3]
In response to the motion to amend, Mr. Black filed peremptory exceptions raising the objections of no cause of action, res judicata, and no right of action. With regard to the no cause of action exception, Mr. Black argued that La.Code Civ. P. art.1951 did not afford Gallinghouse the remedy it sought, i.e., to significantly alter the substance of the trial court’s executory judgment In urging res . judicata, Mr. Black alleged that the issue of whether his TSP should be included in Mrs. Black’s restitution sentence had already been litigated by the parties. Finally, Mr. Black maintained that Gallinghouse had no right of action against him as Mrs. Black’s restitution obligation was a separate obligation.
14At a hearing on April 25, 2013, the trial court considered the motion to amend filed by Gallinghouse, as well as the exceptions filed by Mr. Black. On May 14, 2013, the trial court signed a “Supplemental Execu-tory Judgment Of Restitution And Garnishment Of A TSP Account,” providing, as follows:
WHEREAS, this Court previously issued an EXECUTORY JUDGMENT on March 15, 2012 in the above-referenced matter ordering restitution to Galling-house and Associates Inc. and G & A Publishing, Inc. to be paid by Deborah D. Black in the amount now totaling $384,201.08 including interest accrued *4 through the signing of this judgment on or about May 8, 2013;
WHEREAS, the court finds that Gall-inghouse and Associates Inc., G & A Publishing, Inc. are victims of the crimes for which Deborah D. Black has been convicted consistent with 18 U.S.C.A. § 3663A as they are identifiable victims who have suffered pecuniary loss pursuant to subsection 18 U.S.C.A. § 3663A(c)(Z )(B)[;]
WHEREAS, the Thrift Savings Plan in the name of William M. Black ... is an asset of the community which existed at the time when the crimes were committed and is therefore subject to collection for the separate or community debt of Deborah D. Black;
IT IS ORDERED ADJUDGED AND DECREED that the exceptions of William Black are denied;
IS FURTHER ORDERED that costs of collection of the restitution order currently total $218.78, bring the total now due to $384,419.86[;]
IT IS FURTHER ORDERED the civilian participant Thrift Savings Plan (TSP) held in the name of William M. Black ... pay to the order of Galling-house and Associates, Inc. and G & A Publishing, Inc., ... the amount of $384,419.86 to satisfy the restitution obligations. Payment of funds held in the participant thrift savings plan shall not include contributions made to the plan on or after November 23, 2011 or any earnings that may have accrued on those contributions that were made after March 23,2011.[4]
It is from this judgment that Mr. Black has appealed, assigning the following specifications of error:
1. The trial court erred by granting [Gallinghouse’s] Motion to Amend and subjecting [Mr. Black’s] TSP retirement account to seizure for purposes of restitution for his ex-wife’s separate obligation. This aspect of the judgment also constitutes legal error because the trial court expressly found that federal law applied to the seizure of the retirement account and ignored the unequivocal provision of Louisiana Rev, Stat. 13:3881 that such retirement accounts are protected from seizure: “[T]he following shall be exempt from all liability for any debt except alimony and | r,child support: all pensions, all tax deferred arrangements, annuity contracts, and all proceeds of and payments under all tax-deferred arrangements and annuity contracts .... ” The trial court’s application of federal law to supersede the applicable Louisiana law was legal error and must be reversed.
2. The trial court erred by denying [Mr. Black’s] peremptory exception of no cause of action where Louisiana Code of Civil Procedure article 1951 governing amendments to final judgments expressly provides that no substantive alterations may be made and the trial court’s action of amending the original judgment to include [Mr. Black’s] TSP in the amended judgment constitutes a substantive alteration to the original judgment. Such is a legal error due to the trial court’s misapplication or misinterpretation of Article 1951 that allows amendments to final judgments only “to alter the phraseology of the judgment, but not the substance,” or “to correct errors of calculation.”
3. The trial court erred by denying [Mr. Black’s] peremptory exception of *5 res judicata where the issue of whether [Mr. Black’s] TSP would be subject to the restitution required by his wife was fully and actually litigated previously, which resulted in the original judgment. The Motion to Amend, therefore, was an impermissible attempt to re-litigate that which had already been litigated; hence, the res judicata exception should have been maintained.
4. The trial court erred by denying [Mr. Black’s] peremptory exception of no right of action where Louisiana Civil Code article 2368 expressly defines Deborah D. Black’s criminal act as a separate obligation: An obligation incurred during the community, but not for the common interest of both spouses is a separate obligation and an obligation “resulting from an intentional wrong ... is likewise a separate obligation to the extent that it does not benefit both spouses, the family, or the other spouse.” There was no determination that [Mr. Black] benefitted in the least from the embezzlement, in fact, just the opposite evidence was presented. Thus, [Gallinghouse] had no right of action against [Mrs. Black’s] former husband, [Mr. Black], to seize his TSP to pay his former wife’s restitution — a separate obligation. The trial court’s denial of this exception was legal error due to a misapplication or misinterpretation of Article 2363.
STANDARD OF REVIEW
The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged in the pleading. Ourso v. WaV-Mart Stores, Inc., 2008-0780, pp. 3-4 (La.App. 1 Cir. 11/14/08), 998 So.2d 295, 298, unit denied, 2008-2885 (La.2/6/09), 999 So.2d 785. The exception is triable on the face of the pleadings, and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id., 2008-0780 at 4, 998 So.2d at 298. The burden of demonstrating that a petition fails to state a cause of | (¡action is upon the mover. Foti v. Holliday, 2009-0093, p. 6 (La.10/30/09), 27 So.3d 813, 817. In reviewing a trial court’s ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review, because the exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition. Torbert Land Co., L.L.C. v. Montgomery, 2009-1955, p. 4 (LaApp. 1 Cir. 7/9/10), 42 So.3d 1132, 1135. unit denied, 2010-2009 (La.12/17/10), 51 So.3d 16.
DISCUSSION
Louisiana Code of Civil Procedure article 1951 provides, as follows, with regard to amendment of a judgment:
On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.
In other words, a judgment may be amended by the court where the resulting judgment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448, 450 (La.1978). However, where an amendment to a judgment adds to, subtracts from, or in any way affects the substance of the judgment, *6 such judgment may not be amended under Article 1951. Starnes v. Asplundh Tree Expert Co., 94-1647, p. 5 (La.App. 1 Cir. 10/6/95), 670 So.2d 1242, 1246. Substantive amendments to judgments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. Creel v. Bogalusa Community Medical Center, 580 So.2d 551, 552 (La.App. 1 Cir.), writ denied, 585 So.2d 567 (La.1991). The Louisiana Supreme Court has also recognized that, on its own motion, and with consent of the parties, the trial court may amend a judgment substantively. Frisard v. Autin, 98-2637, p. 7 (La.App. 1 Cir. 12/28/99), 747 So.2d 813, 818, writ denied, 2000-0126 (La.3/17/00), 756 So.2d 1145 (citing Villaume, 363 So.2d at 451).
|7On appeal, Mr. Black maintains that the “proper procedural vehicle for ... Gallinghouse’s attempt to modify the original judgment would have been to file a motion for new trial to advance their argument that [Mr. Black’s] TSP should be seized to pay restitution for [Mrs.] Black.”. In response, Gallinghouse asserts that the amendment of the restitution order to conform with the requirements of the Code of Federal Regulations for disbursement of the TSP fund was well within the authority of the trial court. Citing Tate v. Tate, 2008-1968, pp. 4-6 (La.App. 1 Cir. 3/27/09), 9 So.3d 1010, 1012-1013, as support for its position, Gallinghouse argues that it moved for the amendment of the restitution order because the phraseology needed alteration to allow for processing by the TSP administrator.
We find Tate easily distinguishable from the case before us now. In Tate, Mrs. Tate filed a petition for partition of community property, including her former husband’s retirement account with the Louisiana State Employees’ Retirement System (“LASERS”). The trial court rendered judgment, awarding Mrs. Tate her proportionate share of the retirement fund. Mrs. Tate subsequently filed a rule to amend, alleging that the original judgment needed to be modified because that portion of the judgment partitioning the community’s interest in the retirement fund was not drafted correctly such that LASERS could divide the benefit. The trial court amended the judgment accordingly, finding that the amendment was no more than an alteration of phraseology. On appeal, this court affirmed, finding no manifest error. Tate, 2008-1968 at 4-6, 9 So.3d at 1012-1013.
Unlike in Tate, the original March 15, 2012 judgment in this case made no mention of Mr. Black’s TSP or whether it was subject to seizure for satisfaction of Mrs. Black’s restitution obligation. Moreover, the original judgment was void of any reference to the federal sentencing provisions set forth in 18 U.S.C.A. § 3663A. Thus, the amendment of the March 15, 2012 executory judgment by the trial court was certainly substantive, as it not only identifies Gallinghouse as “identifiable victims who have suffered pecuniary loss pursuant to subsection 18 U.S.C.A. § 3663A(c)(i )(B),” but it also finds that Mr. Black’s TSP is a community asset subject to seizure for satisfaction of Mrs. IsBIack’s restitution obligation. Further, there is no evidence in the record that the parties consented to this substantive amendment.[5] This substantive alteration *7 is in violation of the prohibition contained in Article 1951.
When a trial court substantively amends a judgment without recourse to the proper procedure, the amended judgment is an absolute nullity. Frisará, 98-2687 at 8, 747 So.2d at 819. The usual remedy applied by an appellate court that finds an amendment made of substance in a judgment is to annul and set aside the amending judgment and reinstate the original judgment. Hebert v. Blue’s Auto and Truck Parts, 2000-2154, p. 5 (La.App. 1 Cir. 12/28/01), 804 So.2d 958, 956, writ denied, 2002-0272 (La.3/28/02), 812 So.2d 635, Accordingly, we annul and set aside the judgments of May 14, 2013, and June 24, 2013, and reinstate the March 15, 2012 judgment.
DECREE
For the above reasons, we annul and set aside the May 14, 2013 and June 24, 2013 judgments of the trial court and reinstate the March 15, 2012 judgment of the trial court. Costs of the appeal are assessed against Gallinghouse and Associates, Inc. and G & A Publishing, Inc.
MAY 14, 2013 AND JUNE 24/2013 JUDGMENTS ANNULLED AND SET ASIDE; MARCH 15, 2012 JUDGMENT REINSTATED.

. Louisiana Code of Criminal Procedure article 886.1 provides, in pertinent part, as follows:
If a civil judgment is signed in accordance with Article 886, the judgment shall be executory upon rendition by the court provided the defendant was notified at the time of sentencing of the possible rendition of a civil judgment in the event of his failure to pay the fine and costs.

. According to the record, Mr. Black filed a petition for divorce on November 23, 2011, resulting in a judgment of divorce on July 10, 2012. As of 2013, Mr. Black was residing in Madisonville, Louisiana, and raising his only child, a teenage daughter born of his marriage to Mrs. Black.

. As discussed in more detail below, we find the trial court’s amendment of its original judgment was substantive and there is no evidence in the record that the parties agreed or consented to said amendment. Thus, we do not reach the issue of whether Mr. Black's TSP would be subject to seizure for purposes of Mrs. Black’s restitution obligation.

. In a second supplemental judgment signed on June 24, 2013, the trial court corrected a typographical error, changing "March 23, 2011” in the final paragraph of the judgment to "November 23, 2011.”

. We also note a change in the amount of restitution ordered against Mrs. Black from $360,719.71 in the original March 15, 2012 executory judgment to $384,419.86 in the amended executory judgments, a difference that the trial court noted represented accrued interest and costs. An amendment that changes the amount due has been held to be an alteration of the judgment's substance and not a correction of errors of calculation. Tex *7 as Bank of Beaumont v. Bozorg, 496 So.2d 1215, 1217 (La.App. 5 Cir.1986). See also Lovell v. Lovell, 545 So.2d 1314, 1316 (La. App. 1 Cir. 1989); Pringle Associated Mortg. Corp. v. Cox, 234 So.2d 854, 857 (La.App. 1 Cir. 1970), affirmed, 258 La. 499, 246 So.2d 841 (1971).