ELLIS, Judge.
This is a suit for damages arising out of an alleged false arrest and imprisonment of plaintiff Willindon Jordon for attempted shoplifting while on the premises of Shoppers Fair, a store operated by defendant Mangel Stores Corporation. Also made a defendant is Jack A. Hebert, who arrested plaintiff. From a judgment dismissing his suit, plaintiff has appealed.
The evidence offered on the question of liability consisted of the testimony of Jack A. Hebert, who detained and arrested plaintiff, and the testimony of plaintiff himself.
Mr. Hebert testified that at the time of the arrest he was a sergeant on the Baton Rouge Police Department, doing extra duty as a security guard at Shoppers Fair. He said that he saw plaintiff break open a socket wrench set and remove one of the sockets. Plaintiff apparently saw Sergeant Hebert watching him, because he concealed the socket in the palm of his hand, and began to walk towards the front of the store. Sergeant Hebert went after him, but, because of other patrons in the store obstructing his path, was unable to catch up until plaintiff was almost out of the store. Sergeant Hebert stopped plaintiff at the door and took him to the store office, where he was searched. The socket was not found on plaintiff’s person. Plaintiff was subsequently formally arrested by Sergeant Hebert, and charged with attempted shoplifting. The record reveals that plaintiff was tried on the charges in the Baton Rouge City Court and acquitted.
Plaintiff testified that he was looking for clothing at the store, and never went into the hardware department. He denied any knowledge of the theft of the socket.
Article 215 of the Code of Criminal Procedure provides:
“A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant’s premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.
“A peace officer may, without a warrant, arrest a person when he has reasonable ground to believe the person has committed theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer by a merchant or a merchant’s employee shall constitute reasonable cause for the officer making the arrest.”
Defendants contend that there was a reasonable cause to believe that plaintiff had committed a theft of goods from the store, and that they are protected from liability by the qualified privilege afforded by Article 215, supra.
It is clear from the record that, if Sergeant Hebert’s testimony is accepted, the *280 defendants had probable and reasonable cause for both the detention and arrest. If plaintiff’s testimony is accepted, there could be no such reasonable cause.
The trial court found that defendants were reasonably justified in their actions, and therefore must have been unable to accept plaintiff’s testimony. We find no manifest error in this conclusion.
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.