370 So.2d 179 (1979)
Mrs. Billie BROWN, Plaintiff-Appellant,
v.
HARTFORD INSURANCE COMPANY et al., Defendants-Appellees.
No. 6933.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
*180 Kimball, McLeod & Dow, William L. McLeod, Jr., Lake Charles, for plaintiff-appellant.
Jones, Patin, Tate, Nolen & Hanchey, Greg P. Massey, Lake Charles, for defendants-appellees.
Before CULPEPPER, CUTRER and STOKER, JJ.
STOKER, Judge.
This is a suit for damages allegedly suffered as a result of a false detention. Plaintiff, Mrs. Billie Brown, asserts that she suffered these damages as a result of being falsely detained by employees of Gibson's Products Company of Lake Charles, Inc., a defendant herein. Plaintiff also made the store's insurer, Hartford Insurance Company, a defendant in this case. The issue posed by the present appeal is: Did the jury commit manifest error in concluding that defendant-store had "reasonable cause" to detain the plaintiff?
The record in this case reflects the following.[1] On September 28, 1977, the plaintiff, Mrs. Billie Brown, had entered a Gibson's Department Store in Lake Charles, Louisiana. While inside the store, Mrs. Brown was observed by a security guard placing a glass jar lid into her purse. Mrs. Brown was followed into the pharmacy area of the store by several store employees *181 whose suspicion had become aroused by her actions. After having a prescription filled, Mrs. Brown proceeded to zip up her purse and leave this area of the store. On the way to the front of the store, the plaintiff observed one of the store employees and became nervous, carefully guarding her purse. Mrs. Brown went back to the pharmacy where she handed a clerk at the counter a prescription and proceeded towards two chairs placed near the counter for the convenience of customers. The security guard observed the plaintiff reach inside her purse, pull the lid out, and very quickly place it on the seat, concealing the item as she sat down. At this time, the security guard approached Mrs. Brown and confronted her as to the whereabouts of the lid. According to testimony adduced by the defendants, the plaintiff responded quizzically by stating to the guard: "What lid?" The security guard then informed Mrs. Brown that he had reference to the lid upon which she was sitting. As she stood to respond to the guard, the lid's location was revealed and Mrs. Brown was requested to accompany the guard into the back where he wished to question her on suspicion of theft of the lid. Once in the back, an employee of Gibson's telephoned the police. The police arrived a short time thereafter and conducted the plaintiff to the police station. Mrs. Brown was released without being charged.
The plaintiff brought this civil action to recover damages for her false detention. Conflicting evidence was introduced at trial by both plaintiff and defendants. In the court below, the jury returned a verdict for the defendants. Plaintiff now appeals.
As stated above, the issue presented herein is: Did the jury commit manifest error in concluding that defendant-store had reasonable cause to detain the plaintiff?
Plaintiff contends that Gibson's detained Mrs. Brown falsely in two different respects. First of all, plaintiff asserts that the initial detention subjects the defendants to liability for damages. Secondly, plaintiff argues that the subsequent detention in the back of the store without allowing her to explain her actions constitutes false detention. Plaintiff asserts that if she had been allowed to explain she could have logically accounted for her suspicious conduct.
Article 215 of the Code of Criminal Procedure reads in pertinent part as follows:
A. A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.
A peace officer may, without a warrant, arrest a person when he has reasonable grounds to believe the person has committed a theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer by a merchant or a merchant's employee shall constitute reasonable cause for the officer making the arrest.
A determination of whether a shopkeeper had reasonable cause to detain an individual suspected of shoplifting is a factual question. Guidry v. IGF, Inc., 332 So.2d 515 (La.App. 3rd Cir. 1976). Being a factual issue, the decision of the trier of fact will not be reversed in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The present case was tried by a jury which returned a general verdict. Since no specific findings of fact were made by the jury, it must be presumed that it resolved all factual conflicts in favor of the party for whom the verdict was returned, in this case the defendants. Bolden v. New Orleans Public Service, Inc., 349 So.2d 377 (La.App. 4th Cir. 1977).
INITIAL DETENTION
After a thorough review of the record, we hold that the jury did not commit manifest error in concluding that the defendant-store acted reasonably in originally *182 detaining Mrs. Brown. Even if the jury had accepted Mrs. Brown's testimony in its entirety, it would have acted properly in finding that Gibson's acted reasonably in initially detaining the plaintiff. Mrs. Brown testified that she did pick up the lid and eventually placed it in her purse. (Tr. 388-391) Mrs. Brown carried the lid from one area of the store to another without asking the price of the lid or whether the lid could be purchased separate from the accompanying jar. (Tr. 429-430)
While in the store, Mrs. Brown observed a woman security guard of Gibson's following her.[2] Whenever she would move toward Mrs. Brown, the plaintiff would switch her purse from one side to the other. (Tr. 432) Mrs. Brown testified that while in the pharmacy department of Gibson's, she laid the lid down in a chair and then sat down in the same chair. She admitted under cross examination that the lid was "more under me . . . than off of me." (Tr. 447) Further, there is much more testimony by Mrs. Brown which would give another person "reasonable cause" to believe that she had committed a theft. The fact that testimony by employees of Gibson's conflict with that given by the plaintiff only further supports a holding that the jury did not commit manifest error in finding that the employees had reasonable cause to detain Mrs. Brown.
Notwithstanding the above-mentioned testimony, plaintiff argues that the employee who initially detained her did not have "reasonable cause" because he thought she was going to "ditch" the lid in the store. Plaintiff's theory is that she would not have committed a theft if she had left the lid in the store before departing. Therefore, plaintiff argues that since the employee thought Mrs. Brown was going to leave the store without the lid, he also had to believe that she did not intend to commit theft. This argument falls, however, when it is noted that a theft takes place once a person takes something of value which belongs to another, without consent and with the intent to permanently deprive. LSA-R.S. 14:67. Hence, the theft would occur at the moment of the taking of the lid if she had the requisite intent and the fact that Mrs. Brown later "ditched" the lid would be irrelevant. In fact, "ditching" the lid would be an incriminating factor the trier of the fact might consider in determining the original intent of Mrs. Brown. For cases where merchants have been held to have been reasonable in detaining suspects prior to their opportunity to pay, see Jordon v. Mangel Stores Corp., 336 So.2d 278 (La.App. 1st Cir. 1976); and Williams v. F. W. Woolworth Co., 242 So.2d 16 (La.App. 4th Cir. 1970).
SUBSEQUENT DETENTION
Plaintiff argues that even if the initial detention was reasonable, the defendants should still be held liable because the subsequent detention was unreasonable. The basis of this assertion is that the defendant-store wronged Mrs. Brown by keeping her in the back without allowing her to explain her actions.
The record reveals that Mrs. Brown was detained in the back of the store for approximately thirty minutes. During this time the police were called. Mrs. Brown was arrested upon the arrival of the police.
We conclude that the store acted reasonably in detaining Mrs. Brown for thirty minutes. If she had been allowed to explain, she would have told the employees that she was going to wait and ask the price of the lid at the check-out stand. This explanation is one that probably has been heard by merchants many times before. It certainly would not have convinced the employees that the plaintiff was not shoplifting. Hence, the employees did not act unreasonably in failing to allow Mrs. Brown to explain her actions. It should be kept in mind in cases of this nature that the test of liability is not based on the store patron's *183 actual guilt or innocence, but rather on the reasonableness of the store employees action under all the circumstances. Thompson v. LeBlanc, 336 So.2d 344 (La.App. 1st Cir. 1976); Roche v. Aetna Casualty and Surety Co., 303 So.2d 888 (La.App. 1st Cir. 1974).
For the foregoing reasons, the judgment of the district court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
NOTES
[1] While the testimony of plaintiff and defendant's employees is opposed on individual points, it is to a large extent quite in harmony.
[2] Mrs. Brown testified that she did not know the woman was a security guard, but stated thought her to be a pickpocket.