415 So.2d 557 (1982)
ASSOCIATES COMMERCIAL CORPORATION
v.
BAYOU MANAGEMENT, INC., et al.
No. 82 CA 0245.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*558 J. Glenn Dupree, Baton Rouge, for plaintiff-appellant Associates Commercial Corp.
Russell J. Nunez, Jr., New Orleans, for defendants-appellees Bayou Management, Inc., et al.
Before COVINGTON, COLE and WATKINS, JJ.
WATKINS, Judge.
Plaintiff, Associates Commercial Corporation, institutes this action seeking, inter alia, to have a lease cancelled and rent refunded and a penalty paid pursuant thereto returned to it. Made defendants in the lawsuit were the owners of the leased premises, James R. McAndrew, Vernon G. Bratten, Jr., and J. H. Harris, and their agent for management of the building, Bayou Management, Inc. Defendants answered and reconvened, seeking various items of damages associated with the lease.
Trial was held on November 10, 1981. At the close of trial, the trial court rendered judgment, awarding plaintiff the sum of $24,196.25, together with all interest earned by defendants on money advanced by plaintiff, on the main demand, and awarding defendants $6,089.88 pursuant to their reconventional demand.
On December 4, 1981, according to "Exhibit A-1" attached to defendants' motion to dismiss, plaintiff's attorney sent to defendants' attorney a proposed judgment and letter which included the following statement:

*559 "My client (viz. plaintiff) has refused to pay any sums other than those ordered by the oral reasons for judgment. If this judgment meets with your approval, please sign and return it to my office."
On December 7, 1982, defendants' attorney forwarded a letter to plaintiff's attorney which indicated that the parties had reached an agreement as to the amount due plaintiff under the judgment. Enclosed with this letter was the original judgment, prepared by plaintiff's attorney and approved as to form by defendants' attorney and a check in the sum of $21,158.54.
On December 11, 1982, the approved judgment was signed by the trial court. On February 3, 1982, the trial court signed an order, granting plaintiff an appeal from the judgment. On April 12, 1982, defendants filed the instant motion to dismiss, contending that plaintiff acquiesced in the judgment by accepting and cashing the check.
Acquiescences in judgment are regulated by LSA-C.C.P. art. 2085, which reads as follows:
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."
The following quotation from this court's opinion in Succession of Marcel, 387 So.2d 1363 (La.App. 1st Cir. 1979) well summarizes the legal principles governing acquiescences in judgment:
"Appeals are favored in law and forfeiture of a party's right to an appeal through acquiescence should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956). Acquiescence in a judgment is never presumed. The party alleging same must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce. Koerner & Lambert, A Professional Law Corp. v. Allstate Insurance Company, 363 So.2d 546 (La. App. 4th Cir. 1978). A party favored by judgment may accept the full amount thereof from the party cast or may even cause execution on the judgment without forfeiting his right of appeal because of acquiescence. Glasper v. Wright Root Beer Co., 216 So.2d 586 (La.App. 1st Cir. 1968)." (at page 1364)
The mere preparation of judgment by plaintiff's attorney did not indicate an intention not to appeal that judgment, as judgments are customarily prepared by the counsel who prevails overall.
The letter in which plaintiff's attorney forwarded the proposed judgment indicated plaintiff refused to pay a greater amount on defendant's reconventional demand than that given in oral reasons for judgment. Plaintiff's attorney did not thereby bindingly accept the amount of the award made on the reconventional demand, as he indicated no express acquiescence in the amount awarded on the reconventional demand, nor for that matter, did he indicate a clearly contrary intention.
A judgment is acquiesed in only if an intention to accept the judgment and not to appeal is shown, and under Marcel, that intention must be expressed unambiguously. Here, no such intention is shown.
Nor did plaintiff's cashing of the check in the sum of $21,158.54 manifest clearly and unequivocally an intention not to appeal, or to acquiesce in the amount of the judgment on reconventional demand. Only when appellant has accepted the sum tendered in full satisfaction of the judgment or full settlement of the dispute is there an acquiescence in the judgment. Cf. Jack v. Lambert's in Metairie, Inc., 348 So.2d 102 (La. App. 4th Cir. 1977). Here, there is nothing in the verified record that would indicate that plaintiff accepted and cashed the check in full settlement of the judgment. Under Marcel, an unequivocal intention to acquiesce must be shown. This is lacking.
*560 Appeals are favored in law, as we noted in Marcel. No appeal should be dismissed on the ground of acquiescence in judgment unless an unequivocal intention to accept the judgment is manifested. Here, no such unequivocal intention is manifested by any action taken by plaintiff.
We, therefore, deny defendants' motion to dismiss the present appeal.
MOTION TO DISMISS DENIED.