GROVER L. COVINGTON, Chief Judge.
This matter concerns a motion filed by defendant-appellee, United States Fidelity & Guaranty Company, to dismiss this appeal on the grounds that plaintiff has acquiesced in the judgment from which this appeal is taken.
Plaintiff, Jeffery (or Jeffrey[1]) Allan Paz-ereckis, minor son of Vincent J. Pazereckis, represented by Cynthia Sullivan as tutrix of the minor, sought damages through both a survivial action and one in wrongful death for injuries and subsequent death of Vincent J. Pazereckis, allegedly resulting from an automobile accident with defendant Robert Thornhill.
Also made defendant in the suit was United States Fidelity & Guaranty Company in its capacity as insurer of defendant, Robert Thornhill, and in its capacity as insurer[2] of Delta Marine Catering, Inc., the employer of Vincent J. Pazereckis, and for which Vincent J. Pazereckis was driving a truck at the time of the accident.
Houston General Insurance Company, as workmen’s compensation insurer of Delta Marine Catering, Inc., intervened against the defendants, seeking recovery for payments it had made to Vincent J. Pazereckis.
After trial on the merits, the trial court rendered judgment in favor of the plaintiff based upon plaintiff’s survival action and dismissed the claim for wrongful death.
Defendant-appellee in its memorandum in support of its motion, refers to the portion of the judgment rendered in favor of plaintiff and against it as insurer of Delta Marine Catering, Inc. in the amount of $97,993.54; and the check in amount of $84,093.25 made to “Cynthia L. Sullivan as tutrix of the minor, Jeffery Pazereckis, and her attorney, R. Ray Orrill, Jr.”; and a signed Satisfaction of Judgment in its favor as insurer of Delta Marine Catering, Inc. which was filed with the clerk of court to cancel and erase the judgment and mark it satisfied. Based upon the foregoing, defendant-mover contends that plaintiff acquiesced in the judgment and is thus prohibited from pursuing the instant appeal.
Plaintiff argues in opposition that the judgment consists of four divisible parts, that the appeal is limited to the portion of the judgment denying the claim for wrongful death,[3] and that the Satisfaction of *298 Judgment- relied upon by the mover does not apply to the portion of the judgment denying the claim in wrongful death but is limited to those portions of the judgment in favor of plaintiff to which the Satisfaction of Judgment is restricted by its wording.
Appeals being favored in law, forfeiture of an appellant’s right of appeal through acquiescence should be decreed only when her intention to abandon the right of appeal is clearly demonstrated. Cohn Realty Co. v. Able Moving & Storage Co., 402 So.2d 104 (La.App. 1st Cir.1980). Acquiescence in a judgment is never presumed; the party alleging same must clearly establish that the appellant intended to acquiesce. Succession of Marcel, 387 So.2d 1363 (La.App. 1st Cir.1980). A judgment is acquiesced in only if an intention to accept the judgment and not to appeal is clearly shown; and under Marcel, that intention must be expressed unambiguously and unequivocally. Associates Commercial v. Bayou Management, 415 So.2d 557 (La.App. 1st Cir.1982).
LSA-C.C.P. art. 2085 provides as follows: An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
The judgment in the instant case is a divisible judgment, which consists, inter alia, of four parts pertinent to the instant motion, and which read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Cynthia Sullivan as tutrix of the minor, Jeffery Allan Pazereckis, and against defendants, Robert Thornhill and his insurer, United States Fidelity & Guaranty Company in the full sum of $10,000.00 with interest thereon from date of judicial demand until paid, and for all costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Cynthia Sullivan, as tutrix of the minor, Jeffery Allan Pazer-eckis and against Robert Thornhill and United States Fidelity & Guaranty Company as the uninsured motorist insurer of Delta Marine Catering, Inc. in the full sum of $97,993.54, all with interest thereon at the legal rate from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of intervenor, Houston General Insurance Company, and against defendants, Robert Thorn-hill, his insurer, United States Fidelity & Guaranty Company, and United States Fidelity & Guaranty Company as the uninsured motorist insurer of Delta Marine Catering, Inc., with priority, for the total sum of workmen’s compensation benefits and medical expenses paid in the full sum of $41,726.20, all with interest thereon at the legal rate from date of judicial demand until paid for which payment defendants are allowed a credit toward satisfaction of the Judgment in favor of Cynthia Sullivan, as tutrix of the minor child, Jeffery Allan Pazereckis.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment against the plaintiff and in favor of the defendants, dismissing plaintiff’s cause of action for wrongful death.
The Satisfaction of Judgment relied upon by mover as constituting acquiescence is limited by its wording[4] to the second para *299 graph quoted from the judgment. Two other Satisfactions of Judgment were executed in regard to the first and third quoted paragraphs of the judgment.[5]
Since the Satisfaction of Judgment upon which mover relies is applicable only to the second quoted paragraph from the judgment, the fourth quoted paragraph from the judgment is unaffected by said Satisfaction, and accordingly under the express language of LSA-C.C.P. art. 2085 the plaintiffs appeal of the dismissal of the wrongful death claim is not.precluded by virtue of said Satisfaction.
MOTION TO DISMISS DENIED.

. The minor's name is spelled "Jeffery" in some of the documents in the record and "Jeffrey” in others.

. In some documents in the record, reference is made to United States Fidelity & Guaranty Company as "uninsured" carrier of Delta Marine Catering, Inc. and in others as "underinsured” carrier.

. The Motion For Appeal reads as follows:
ON MOTION of Cynthia L. Sullivan, substituted plaintiff on behalf of the minor child of the decedent, Vincent Pazereckis, in the above entitled and numbered cause, through her undersigned counsel, and on suggesting to this Honorable Court that the plaintiff desires to appeal devolutively only from the portion of the final judgment rendered in the above cause, in open Court on the 21st day of March, 1984, denying plaintiff's second cause of action for wrongful death, which judgment was signed on May 1, 1984 and reimbursing the compensation carrier (Intervenor) in full for amounts paid Vincent Pazereckis without deducting plaintiff’s attorney's fees;
IT IS ORDERED that a devolutive appeal be granted to Cynthia L. Sullivan, on behalf of the minor child of decedent, Vincent Pazer-eckis, returnable to the Court of Appeal, First Circuit of Louisiana on the 24th day of August 1984.

. The Satisfaction of Judgment relied upon by mover reads as follows:
Now comes plaintiff, VINCENT PAZERECKIS (represented herein by substituted plaintiff, CYNTHIA SULLIVAN, as tutrix on behalf of the decedent’s minor child, JEFFERY ALLEN PAZERECKIS) through undersigned counsel, and acknowledges receipt in full payment of the judgment herein rendered on March 21, 1984, in favor of CYNTHIA SULLIVAN, as tutrix of the minor, JEFFERY ALLEN PAZ-ERECKIS and against UNITED STATES FIDELITY & GUARANTY COMPANY as the uninsured motorist insurer of DELTA MARINE CATERING, INC.; and further plaintiff, CYNTHIA SULLIVAN, as tutrix of the minor, JEF *299 FERY ALLEN PAZERECKIS, authorizes, directs and instructs the Clerk of Court for the 17th Judicial District Court for the Parish of Lafourche to cancel and erase said judgment and mark same "Satisfied.”

. The Satisfaction of Judgment relating to the first paragraph reads:
WHEREAS, a Judgment was rendered by the 17th Judicial District Court for the Parish of Lafourche on May 1, 1984 in favor of the plaintiff, Vincent J. Pazereckis, et al and against the defendants, Robert Thornhill and United States Fidelity & Guaranty Company (in its capacity as the automobile liability insuror of Robert Thornhill) condemning the defendants to pay to plaintiff the sum of TEN THOUSAND AN NO/lOO ($10,000.00) DOLLARS, plus all costs of Court; and WHEREAS, the aforesaid Judgment has now been fully satisfied by the defendants, Robert Thornhill and United States Fidelity & Guaranty Company;
NOW WHEREFORE, satisfaction of the Judgment is hereby acknowledged and the Clerk of the 17th Judicial District Court is hereby authorized by the plaintiff, through undersigned counsel, to mark the docket satisfied as to defendants Robert Thornhill and United .States Fidelity & Guaranty Company (in its capacity as automobile liability insurer) ONLY, and to otherwise cancel and discharge the Judgment as to said defendants.
And the Satisfaction of Judgment relating to the third paragraph reads:
Now comes intervenor, HOUSTON GENERAL INSURANCE COMPANY, through undersigned counsel, and acknowledges receipt in full payment of the judgment herein rendered on March 21, 1984, in favor of HOUSTON GENERAL INSURANCE COMPANY and against ROBERT THORNHILL and UNITED STATES FIDELITY & GUARANTY COMPANY and further, intervenor, HOUSTON GENERAL INSURANCE COMPANY, authorizes, directs and instructs the Clerk of Court for the 17th Judicial District Court for the Parish of Lafourche to cancel and erase said judgment and mark same "Satisfied."