783 So.2d 446 (2001)
Robert T. WELSH
v.
Doreen B. WELSH.
No. 00-CA-1694.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 2001.
Kenneth C. Fonte, Golden & Fonte, Metairie, for defendant-appellant.
*447 Robert C. Lowe, David M. Prados, Lowe, Stein, Hoffman Allweiss & Hauver, New Orleans, for plaintiff-appellee.
(Court composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY, and PATRICK M. SCHOTT, Pro Tempore).
PATRICK M. SCHOTT, J. Pro Tem.
Defendant, Doreen B. Welsh, has appealed from a judgment in favor of plaintiff for a divorce pursuant to La. C.C. art. 103. She contends that her 1977 marriage was equivalent to a "covenant marriage," which was not created by the legislature until 1997 and that constitutional principles of due process and equal protection entitle her to the same limitations on divorce as though she were technically a party to a covenant marriage. We reject these arguments and affirm.
At the time of the parties' marriage in 1977, La. C.C. art. 89 provided as follows: "Marriage is a contract intended in its origin to endure until the death of one of the contracting parties; yet this contract may be dissolved before the decease of either of the married persons, for causes determined by law."
In 1997, the legislature adopted the Covenant Marriage Act by Act 1380, La. R.S. 9:272 et seq. This defines a covenant marriage as one entered into by parties "who understand and agree that the marriage between them is a lifelong relationship" La. R.S. 9:272(A). This subsection further provides that the couple must have special counseling before entering into a covenant marriage and only when there has been a complete and total breach of the marital commitment may the non-breaking party seek a divorce. The parties to a covenant marriage must make the following declaration of intent: "We do solemnly declare that marriage is a covenant between a man and a woman who agree to live together as husband and wife for as long as they both may live." La. R.S. 9:273(A)(1).
Plaintiff argues that the lifelong commitment in the covenant marriage is the same as the one contained in the definition of marriage in the first clause of former La. C.C. art. 89. Consequently, theirs was the equivalent of a covenant marriage even though the Covenant Marriage Act did not come into existence until 20 years after their marriage.
The second clause of La. C.C. art. 89 is ignored by this argument. That clause recognized that the legislature could provide for the grounds of divorce before the death of either party. Plaintiff concedes that the legislature had the authority under this clause to make future changes in the grounds for divorce. Thus, Article 89's lifelong commitment idea was not only significantly tempered by the grounds for divorce that existed when plaintiff was married, but it was subject to subsequent enactments of the legislature which made divorce more easily obtainable. Consequently, marriage under Article 89 was not at all like the covenant marriage created in 1997. The new restrictions on divorce were not even vaguely contemplated by the full provision of Article 89.
The foregoing discussion is dispositive of all of plaintiff's arguments. Hers was not a covenant marriage because that concept did not exist until 20 years after her marriage; and Article 89, while declaring that marriage was a lifelong commitment, gave the parties the right to a divorce for whatever grounds the legislature would provide, including La. C.C. art. 102 under which defendant obtained his divorce. Consequently, plaintiff is not entitled to the same protection or the same procedure in the dissolution of her marriage as she would be if hers were a covenant marriage. *448 Her equal protection and due process arguments are without merit.
Finally, the legislature itself recognized that its newly created covenant marriage was indeed new and distinct from anything that existed before when it created a mechanism for a couple married before 1997 to convert their marriage into a covenant marriage by jointly following the procedure set out in La. R.S. 9:275. Since plaintiff and defendant declined to follow this procedure to designate theirs as a covenant marriage, the Covenant Marriage Act has no application to their marriage. It would be absurd to conclude that these new provisions of the Covenant Marriage Act were somehow thrust upon plaintiff even though he declined to follow the procedure prescribed by the legislature for the Act to apply.
The judgment of the trial court is affirmed.
AFFIRMED.