998 So.2d 295 (2008)
Rachael Estelle OURSO
v.
WAL-MART STORES, INC.
No. 2008 CA 0780.
Court of Appeal of Louisiana, First Circuit.
November 14, 2008.
*297 Tommy Thompson, Port Allen, LA, for Plaintiff/Appellant Rachael Estelle Ourso.
Roy C. Beard, Eugene T. Rhee, Metairie, LA, for Defendant/Appellee Wal-Mart Stores, Inc.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
Plaintiff, Rachael Estelle Ourso, appeals the trial court's judgment sustaining the peremptory exception raising the objection of no cause of action filed by Wal-Mart Stores, Inc. and dismissing, with prejudice, the plaintiff's claims against defendant. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
On February 27, 2006, Rachael Estelle Ourso (Ms. Ourso) was detained at the Wal-Mart store located in Port Allen, Louisiana, for shoplifting merchandise. Ms. Ourso alleges that she was apprehended before she could leave the Wal-Mart parking lot; accordingly, she alleges that she did not remove the merchandise from the store premises. Ms. Ourso also alleges that she returned the merchandise, including two Leap Frog electronic toys, without damage and in perfect, merchantable condition.
Ms. Ourso was criminally prosecuted for shoplifting and ordered to pay a fine. Thereafter, pursuant to La. R.S. 9:2799.1(A), Wal-Mart sent a letter to Ms. Ourso, demanding payment of approximately $200.00 as a civil penalty.
Ms. Ourso has filed this suit for damages against Wal-Mart seeking, in essence, a declaration that Wal-Mart is not entitled to recover a civil penalty under said statute because the merchandise was not removed from the store premises[1] and the merchandise was returned in merchantable condition. Ms. Ourso contends that she was apprehended in the store parking lot and, therefore, did not remove the merchandise from the store premises. Moreover, she alleges that the merchandise was returned without damage and in perfect, merchantable condition. Ms. Ourso's petition further alleges that Wal-Mart is liable to her pursuant to Louisiana Civil Code articles 2299[2], 2303[3], and 2298[4] because *298 the two conditions set forth in La. R.S. 9:2799.1 as conditions precedent to a claim for civil penalties under the statute are not met.
Wal-Mart filed a peremptory exception pleading the objection of no cause of action, alleging that Ms. Ourso had not pled any operable facts for which defendant may be found liable, and that plaintiff had not alleged damages that can be compensated under the facts alleged, as Wal-Mart's actions were specifically allowed by La. R.S. 9:2799.1. The trial court sustained the objection and dismissed Ms. Ourso's claims against Wal-Mart, with prejudice. Ms. Ourso has appealed.

NO CAUSE OF ACTION
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993); Copeland v. Treasure Chest Casino, LLC., XXXX-XXXX, p. 3 (La.App. 1 Cir. 6/21/02), 822 So.2d 68, 70. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. P. art. 931. The exception is triable on the face of the pleading, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Richardson v. Richardson, 2002-2415, p. 6 (La. App. 1 Cir. 7/9/03), 859 So.2d 81, 86. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Perere v. Louisiana Television Broadcasting Corporation, 97-2873, p. 3 (La.App. 1 Cir. 11/6/98), 721 So.2d 1075, 1077.
In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, the appellate court should subject the case to a de novo review. The exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Fink v. Bryant, XXXX-XXXX, p. 4 (La.11/28/01), 801 So.2d 346, 349; B & C Elec, Inc. v. East Baton Rouge Parish School Bd., XXXX-XXXX, pp. 4-5 (La.App. 1 Cir. 5/9/03), 849 So.2d 616, 619. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. Richardson, 2002-2415 at p. 7, 859 So.2d at 86. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Id. The question, therefore, is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. Copeland, XXXX-XXXX at p. 4, 822 So.2d at 70.

DISCUSSION

WAIVER OF RIGHT TO APPEAL
As an initial procedural matter, Wal-Mart contends that Ms. Ourso waived *299 her right to appellate review of the trial court's decision because she acquiesced in the judgment. Louisiana Code of Civil Procedure article 2085 provides, in pertinent part, as follows:
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.
Wal-Mart asserts that Ms. Ourso acquiesced in the judgment because (1) she failed to submit a written objection to the exception of no cause of action prior to the hearing; and (2) her counsel, at the hearing, clearly stated that the trial court should "go ahead and grant [the] exception."
A party against whom judgment was rendered is not entitled to appeal if he or she "confessed judgment in the proceedings in the trial court." La.Code Civ. P. art. 2085. To preclude the right to appeal, the acquiescence must be voluntary and unconditional. Appeals are favored; therefore, a party does not acquiesce in the judgment, thereby forfeiting his or her right to appeal, unless his or her conduct demonstrates an intention to accept the judgment. See Associates Commercial Corp. v. Bayou Management, Inc., 415 So.2d 557, 559 (La.App. 1 Cir. 1982); Major v. Louisiana Dept. of Highways, 327 So.2d 515, 517 (La.App. 1 Cir.1976); Ponder v. Pechon, 169 So.2d 671 (La.App. 1 Cir. 1964), writ not considered, 247 La. 353, 170 So.2d 868 (1965).
In Associates Commercial Corp., 415 So.2d at 559, this court noted that another panel of this court in Succession of Marcel, 387 So.2d 1363 (La.App. 1 Cir.1980) well summarized the legal principles governing acquiescence in judgment, in pertinent part, as follows:
Appeals are favored in law and forfeiture of a party's right to an appeal through acquiescence should be decreed only when the party's intention to acquiesce and abandon his right of appeal is clearly demonstrated. Acquiescence in a judgment is never presumed. The party alleging same must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce. Associates Commercial Corp., 415 So.2d at 559. (Citations omitted.)
Simply stated, a judgment is acquiesced in only if an intention to accept the judgment and not to appeal is shown. Id. Here, a review of the transcript reveals that counsel for Ms. Ourso previously filed a similar lawsuit on behalf of another client challenging Wal-Mart's right to seek civil penalties under La. R.S. 9:2799.1 based on facts almost identical to those presented herein. Counsel for Ms. Ourso advised the trial court that this court disagreed with his position in that case.[5] Accordingly, Ms. Ourso's counsel suggested that the trial court go ahead and grant Wal-Mart's exception of no cause of action since this court has already established precedent, unfavorable in his view, on this issue in the prior case. Nevertheless, counsel unequivocally expressed an intention to take the issue to the supreme court for resolution and, obviously, the case must be appealed to this court prior to reaching the higher court. As such, we find there was no attempt to accept the adverse judgment and to waive appeal.
*300 The issue presented in this case, therefore, is whether Ms. Ourso's petition states a cause of action against Wal-Mart such that her claim for damages for the alleged enrichment of Wal-Mart without cause or the payment to Wal-Mart of a thing not owed, i.e., a civil penalty, should be allowed to proceed to trial. We believe it should not.
In the first place, the petition fails to allege whether Ms. Ourso, in fact, paid the disputed fine to Wal-Mart. In the second place, we disagree with Ms. Ourso's position that Wal-Mart wrongfully seeks civil penalties from her pursuant to La. R.S. 9:2799.1.
Although Ms. Ourso alleges that the merchandise must be physically removed from the store premises or not returned in merchantable condition in order for the merchant to assess the statutory civil penalty, plaintiff cites no legal authority for these propositions.
Louisiana Revised Statutes 9:2799.1 provides:
A. Any person who unlawfully takes merchandise from a merchant's premises shall be liable to the merchant for the retail value of the merchandise taken, if not recovered in merchantable condition, plus damages of not less than fifty nor more than five hundred dollars.
B. The provisions of this Section shall not be construed to prohibit or limit any other cause of action which a merchant may have against a person who unlawfully takes merchandise from the merchant's premises.
This court addressed this same issue of law concerning the interpretation of La. R.S. 9:2799.1 on writs in Lejeune.[6] Notably, Lejeune involved the same underlying facts, trial court, and Wal-Mart store, and was brought on behalf of plaintiffs represented by the same attorneys as herein. The Lejeune plaintiffs filed a suit for damages alleging that Wal-Mart was not entitled to recover a civil penalty because the merchandise was never removed from the store premises and was returned in merchantable condition. Wal-Mart filed an exception of no cause of action which was denied by the trial court. On writs, this court reversed, specifically holding, "LSA-R.S. 9:2799.1 allows the merchant to recover civil penalties for merchandise that is stolen." Following this court's ruling, plaintiffs sought review by the supreme court but failed to timely file; therefore, the supreme court refused to consider plaintiffs' application.
This court has ruled that penalties under La. R.S. 9:2799.1 are properly sought notwithstanding that the merchandise is not removed from the store premises or because it is returned in merchantable condition.
The statute provides two elements of recovery in favor of the merchant: the first being the value of the merchandise taken, if damaged, and second, damages and/or penalties for the actual theft of the merchandise. This interpretation of the statute finds support in other provisions of the law. For example, La.Code Crim. P. art. 215 allows a merchant, when it has reasonable cause to believe a person has committed a theft, to detain and hold the shoplifter, regardless of the actual value of the goods. This provision does not require the shoplifter to actually physically remove the goods from the store.
In Brown v. Hartford Insurance Company, 370 So.2d 179, 182 (La.App. 3 Cir. 1979), the third circuit held "a theft takes place once a person takes something of value which belongs to another, without *301 consent and with the intent to permanently deprive." In Brown, plaintiff was detained by employees of Gibson's Product Company on suspicion of shoplifting. Plaintiff sought damages for false detention, claiming that the employee who detained her did not have reasonable cause to do so because his articulated basis for doing so was "he thought she was going to `ditch' the [jar] lid in the store." Brown, 370 So.2d at 182. The court rejected plaintiff's theory that she would not have committed a theft if she had left the lid in the store before departing. Id. The court, citing La. R.S. 14:67, noted that a theft takes place once a person takes something of value that belongs to another, without consent and with the intent to permanently deprive. The fact that plaintiff later "ditched" the lid is irrelevant; in fact, the "ditching" would be an incriminating factor the trier of fact might consider in determining the original intent of plaintiff. Id.
Wal-Mart argues the legislature obviously understood the cost to the merchants to catch shoplifters, prosecute claims, and appear before the criminal courts. Wal-Mart contends that the legislature has allowed a civil penalty pursuant to La. R.S. 9:2799.1(A) to defray the costs that merchants incur, which is separate and apart from any cost of damage to the stolen goods and any criminal fines that may be imposed as a result of prosecution. We agree.
Accordingly, because we find that Wal-Mart was permitted to seek a civil penalty from Ms. Ourso pursuant to La. R.S. 9:2799.1(A), she has failed to state a cause of action upon which relief could be granted. To allow plaintiff to amend in an attempt to state a cause of action would be a vain and useless act. See La.Code Civ. P. art. 934; Alexander and Alexander, Inc. v. State, Div. Of Admin., 486 So.2d 95, 100 (La. 1986).

CONCLUSION
For the above and foregoing reasons, we affirm the ruling of the trial court, maintaining Wal-Mart's peremptory exception pleading the objection of no cause of action and dismissing the case with prejudice. Costs of this appeal are assessed against the plaintiff, Rachael Estelle Ourso.
AFFIRMED.
HUGHES, J., concurs.
NOTES
[1] Paragraph 4 of Ms. Ourso's petition alleges that Wal-Mart may recover civil penalties under La. R.S. 9:2799.1(A) only if the merchandise "is not removed" from the store premises. Ms. Ourso then avers that if the merchandise is removed from the store premises, the merchant is not entitled to assess the civil penalty. It appears these allegations are in error and that plaintiff intended to assert the opposite; that is, that the merchant is entitled to seek civil penalties only if the merchandise is removed from the store premises. The allegations of paragraph 7 of Ms. Ourso's petition appear to correctly set forth her position that the merchandise must be removed from the store premises in order for the merchant to make claim for civil penalties under La. R.S. 9:2799.1(A).
[2] Louisiana Civil Code article 2299 provides:

A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it.
[3] Louisiana Civil Code article 2303 provides:

A person who in bad faith received a payment or a thing not owed to him is bound to restore it with its fruits and products.
[4] Louisiana Civil Code article 2298 provides:

A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.
[5] See Mary Lejeune on Behalf of Holly Thibodeaux, Brenda Burleigh on Behalf of Niki Burleigh, and Rodney Dobernig v. Wal-Mart Stores, Inc., 924 So.2d 146 (La.App. 1 Cir. 2/10/06) (unpublished); Lejeune ex rel. Thibodeaux v. Wal-Mart Stores, Inc., 2005-2131 (La.2/10/06), 924 So.2d 146, writ not considered. The supreme court did not consider the writ in Lejeune on the basis that it was not timely filed.
[6] We are unaware of any reported decisions interpreting this statute.