CARLTON, J.,
concurring in result only:
¶20. I respectfully concur in result only, and I agree that the action appears barred by the statute of limitations. I write separately to address the majority’s dicta analysis of intentional torts, and its analysis of an action for alienation of affection relative to intentional interference with a marriage contract, and also notice pleading. The majority provides that Mississippi has never recognized a cause of action for tortious interference with a marriage contract.[6] While Mississippi does not use the label “intentional interference with a marriage contract,” Mississippi’s cause of action for such tortious interference is inherently an action for alienation of affection. At common law, marriage both created and destroyed rights of action in tort. The marital union created rights and obligations, and injury to those rights by a third person gave rise to a cause of action in tort.
¶ 21. I agree that Mississippi does not enforce the terms of marriage contracts in the same way as commercial business contracts or civil contracts. See Miss.Code Ann. § 93-3-1 (Rev.2004) (“A married woman shall have a cause of action for loss of consortium through negligent injury of her husband.”).[7] Precedent recognizes that marriage is not a civil contract in the sense that all legislative interference with the rights of the parties is precluded by constitutional provisions forbidding interference with private rights or impairing obligations of contracts. Carson v. Carson, 40 Miss. 349, 351 (Err. & App. 1866). Marriage is an institution of society, subject to the control of the Legislature. Id. The marriage contract reflects the parties’ valid and consensual agreement to establish a marriage relationship creating a marital oneness through the marital union. See Bell, at § 1.09; see also Miss.Code Ann. § 93-3-1. The appellees correctly provide in their brief that while marriage possesses some contractual features, such agreement is not a contract in the ordinary common-law use of the word. As a result, the terms of a marriage contract in Missis *860 sippi are not judicially enforceable as in civil and commercial contracts.
¶22. As discussed in the majority’s opinion, Mississippi allows for the cause of action of alienation of affection as an intentional tort for interference with a marital relationship by a third party that causes the harm of alienation of affections or loss of consortium.[8] See Knight v. Woodfield, 50 So.3d 995, 999 (¶ 14) (Miss.2011) (“The elements of the tort of alienation of affections are: ‘(1) wrongful conduct of the defendant; (2) loss of affection or consortium; and (3) causal connection between such conduct and loss.’ ”). “The tort of alienation of affection allows a plaintiff whose spouse’s affections have been diverted to recover damages from the responsible third party.” Bell, at § 1.09(8)(a). “Damages for alienation of affection include damages for loss of consortium as well as physical and emotional injuries.” Id. “A plaintiff may also recover for other expenses caused by the defendant’s conduct, including lost wages, medical bills, private investigator’s fees, and attorneys’ fees.” Id.[9] The tort of criminal conversation was a similar tort action until it was abolished in 1992. See Saunders v. Alford, 607 So.2d 1214, 1216 (Miss.1992).
¶23. In Fitch v. Valentine, 959 So.2d 1012, 1020 (¶ 16) (Miss.2007), the supreme court addressed the cause of action for damages resulting from the alienation of affection due to the intentional interference with the marriage relationship by a third party. The court explained that the tort of alienation of affections is a recognized cause of action[10] in Mississippi, the purpose of which is:
protecting the marriage relationship and providing a remedy for intentional conduct which causes a loss of consortium .... Alienation of affections is the only available avenue to provide redress for a spouse who has suffered loss and injury to his or her marital relationship against the third party who, through persuasion, enticement, or inducement, caused or contributed to the abandonment of the marriage and/or the loss of affections by active interference.

Id.

¶ 24. Since Mississippi has embraced notice pleading and since the alienation-of-affection claim can be inferred from the complaint, I submit that the complaint stated a claim upon which relief could be granted in accordance with notice pleading. However, as previously stated, I concur with the majority that the claims in this case appear barred by the statute of limitations. I therefore concur in result only.
LEE, C.J., JOINS THIS OPINION.

. See Maj. Op. (¶ 10) ("However, Mississippi has never recognized a cause of action for tortious interference with a marriage contract.”).

. "Loss of consortium is an action for loss of a spouse’s services and companionship as a result of injuries caused by a third person.” See Deborah H. Bell, Bell on Mississippi Family Law % 1.09 (2005).

. Some other states have adopted legislation enacting provisions to establish "covenant” marriages where the statutes allow for: the agreement to enforcement procedures; more formal formation; and more formal dissolution procedures such as premarital counseling and limited grounds of divorce. See Welsh v. Welsh, 783 So.2d 446, 447 (La.Ct.App.2001).

. See also Overstreet v. Merlos, 570 So.2d 1196, 1198 (Miss.1990).

.See M.R.C.P. 8(f) (providing that "[a]ll pleadings shall be so construed as to do substantial justice”); M.R.C.P. 8(e) (providing that no technical forms of pleading are required); M.R.C.P. 8(a) (allowing for notice pleading). The comment to Rule 8 explains that the purpose of the rule is to give notice, not to state facts.