PETTIGREW, J.
| RIn this proceeding for a separation, or in the alternative, a final divorce, child custody, child support, and interim spousal support, the wife/mother, Terri Johnson (Ms. Johnson), appeals a trial court judgment rendered on November 18, 2013, that sustained the peremptory exception raising the objection of no cause of action filed by the husband/father, Joey J.E. Johnson (Mr. Johnson). On January 6, 2014, the trial court signed a written judgment in accordance with its findings. Ms. Johnson appealed that judgment. Upon this court’s receipt of Ms. Johnson’s appeal, we issued a rule to show cause order why the appeal should not be dismissed due to that judgment lacking the appropriate decretal language. The trial court then rendered an amended judgment, signed July 9, 2014, again sustaining Mr. Johnson’s exception, and this time, including language dismissing Ms. Johnson’s claims against Mr. Johnson. That judgment was included in the record on appeal and is now before us on appeal. After a thorough review of the record and applicable law, and for the following reasons, we reverse and remand.
BACKGROUND FACTS AND PROCEDURAL HISTORY
Mr. and Ms. Johnson were married on April 18, 2003, and entered into a covenant marriage. They had two minor children born of that marriage: one on May 12, 2004, and the other on August 17, 2005. The parties physically separated on July 19, 2013, and have lived separate and apart without reconciliation since that time.
On July 23, 2013 (four days after the alleged physical separation of the parties), Ms. Johnson filed a petition for separation or in the alternative, divorce. In that petition, she also sought an award of joint custody, that she be named the domiciliary parent of the two minor children, and that the judgment establish child support, a visitation schedule, as well award her interim and “final” spousal support.
Mr. Johnson filed a peremptory exception raising the objection of no cause of action, alleging that Ms. Johnson was seeking a separation or divorce prior to the couple engaging in marital counseling, as required by La. R.S. 9:307 relative to covenant marriages. Mr. Johnson sought a judgment to be rendered in his favor and denying all of [¡¡Ms. Johnson’s claims. As mentioned above, the trial court rendered a final judgment on July 9, 2014, sustaining Mr. Johnson’s exception and dismissing Ms. Johnson’s claims.
PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION
The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged in the pleading. Ourso v. Wal-Mart Stores, Inc., 2008-0780 (La.App. 1 Cir. 11/14/08), 998 So.2d 295, 298, writ denied, 2008-2885 (La.2/6/09), 999 So.2d 785. The exception is triable on the face of the pleadings, and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id., 998 So.2d at 298. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Foti v. Holliday, 2009-0093 (La.10/30/09), 27 So.3d 813, 817. In reviewing a trial court’s ruling sustaining an exception of no *643 cause of action, appellate courts conduct a de novo review, because the exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition. State v. Black, 2013-1148 (La.App. 1 Cir. 3/25/14), 144 So.3d 1.
In his exception, Mr. Johnson asserted that Ms. Johnson’s petition was premature and stated no viable cause of action against him for divorce or separation, because the statutory provision for covenant marriages, requiring the parties to engage in counseling prior to filing for a legal separation or divorce, had not been met. In the memorandum he filed in support of the exception, Mr. Johnson also challenged Ms. Johnson’s petition as failing to state a viable cause of action on the basis of the insufficient amount of time that the parties had been physically separated (one month) at the time of the filing of the petition.
Ms. Johnson does not deny entering into a covenant marriage with Mr. Johnson. In fact, she alleges such in her petition. In that petition, Ms. Johnson alleged she was seeking a separation from bed and board pursuant to La. R.S. 9:307B(6), relative to covenant marriages, because of the cruel treatment of Mr. Johnson, or in the alternative, pursuant to La. R.S. 9:307B(5), upon the passage of the requisite period of time (two |4years) of living separate and apart without reconciliation. She additionally alleged that she would “receive counseling as required by La. R.S. 9:307(C).”
In sustaining the exception and dismissing Ms. Johnson’s claims, the trial court issued the following written reasons:
The Court, considering the briefs filed by both parties in this matter, grants the defendant, Joey J.E. Johnson’s exception of No Cause of Action.
In brief to this court, counsel for Ms. Johnson states that the trial court, in a status conference, questioned whether the covenant marriage act, specifically, La. R.S. 9:308, prohibited the parties from suing for child custody and support; and the parties submitted briefs on that issue. The transcript of the hearing in this matter is not included in the record before this court. However, counsel for Ms. Johnson further indicates in brief to this court that the trial court’s expressed reason for sustaining the exception was its belief that marital counseling was a statutory prerequisite to the filing of a petition for separation/divorce for parties in a covenant marriage.
ISSUES RAISED ON APPEAL
On appeal, Ms. Johnson asserts the trial court legally erred in: sustaining the exception; dismissing her action for separation/divorce; dismissing her claims for child custody and child support; and dismissing her claim for spousal support. These assignments raise the issue of the extent of the statutory requirement that parties who contract to a covenant marriage obtain marital counseling prior to obtaining a judgment of separation or divorce, and whether that requirement prohibits the parties, prior to obtaining such counseling, from filing suit for incidental demands, specifically, child support, child custody, and spousal support.
APPLICABLE LAW/DISCUSSION/ANALYSIS
The Covenant Marriage Act, La. R.S. 9:272 et seq., was enacted by 1997 La. Acts No. 1380, effective July 15, 1997.[1] That *644 act, with regard to divorce, in La. R.S. 9:272C | ¡/provides a covenant marriage maybe terminated by divorce only upon one of the exclusive grounds enumerated in La. R.S. 9:307. That statute provides as follows:
A. Notwithstanding any other law to the contrary and subsequent to the parties obtaining counseling, a spouse to a covenant marriage may obtain a judgment of divorce only upon proof of any of the following;
(1) The other spouse has committed adultery.
(2) The other spouse has committed a felony and has been sentenced to death or imprisonment at hard labor.
(3) The other spouse has abandoned the matrimonial domicile for a period of one year and constantly refuses to return.
(4) The other spouse has physically or sexually abused the spouse seeking the divorce or a child of one of the spouses.
(5) The spouses have been living separate and apart continuously without reconciliation for a period of two years.
(6)(a) The spouses have been living separate and apart continuously without reconciliation for a period of one year from the date the judgment of separation from bed and board was signed,
(b) If there is a minor child or children of the marriage, the spouses have been living separate and apart continuously without reconciliation for a period of one year and six months from the date the judgment of separation from bed and board was signed; however, if abuse of a child of the marriage or a child of one of the spouses is the basis for which the judgment of separation from bed and board was obtained, then a judgment of divorce may be obtained if the spouses have been living separate and apart continuously without reconciliation for a period of one year from the date the judgment of separation from bed and board was signed.
(Emphasis added.) Subsection B of R.S. 9:307; addresses separation and provides as follows:
A. Notwithstanding any other law to the contrary and subsequent to the parties obtaining counseling, a spouse to a covenant marriage may obtain a judgment of separation from bed and board only upon proof of any of the following:[2]
[[Image here]]
|fi(6) On account of habitual intemperance of the other spouse, or excesses, cruel treatment or outrages of the other spouse, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable.
(Emphasis added.) Subsections (C) and (D) were added by La. Acts 2004, No. 490, § 1, and address the requisite counseling, providing as follows:
C. The counseling referenced in Subsections A and B of this Section, or other such reasonable steps taken by the spouses to preserve the marriage, as required by the Declaration of Intent signed by the spouses, shall occur once the parties experience marital difficulties. If the spouses begin living separate and apart, the counseling or other *645 intervention should continue until the rendition of a judgment of divorce.
D. Notwithstanding the provisions of Subsection C of this Section, the counseling referenced in Subsections A and B of this Section shall not apply when the other spouse has physically or sexually abused the spouse seeking the divorce or a child of one of the spouses.
However, La. R.S. 9:308A allows spouses in a covenant marriage to sue each other for “causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart, although not judicially separated.” (Emphasis added.)[3] Moreover, La. R.S. 9:293 makes spouses in a covenant marriage “subject to all the laws governing married couples generally and to the special rules governing covenant marriages.” Additionally, La. R.S. 9:291 expressly preserves to parties of a covenant marriage the right to sue on causes of action pertaining to contracts or arising out of the civil code provisions governing matrimonial regimes, “and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.” (Emphasis added.)
We have reviewed all of the applicable law and agree with Ms. Johnson, none of the statutes relating to marital regimes, covenant marriage, divorce or separation require |7the filing of a divorce petition as a prerequisite to the filing of an action to enforce the obligation of spouses to support one another or their children. Parents have a legal duty to provide support to their children, and this duty cannot be permanently renounced or suspended. M.P.W. v. L.P.W., 2013-0366 (La.App. 1 Cir. 11/1/13), 136 So.3d 37, 47. The public policy of a parent’s duty of support is to ensure, both, for the sake of the child and the sake of the general public that might otherwise have to provide his support, that each child receives support sufficient for his maintenance and upbringing. Id.
While we recognize that, in furtherance of the intent and purpose of the Covenant Marriage Act, the act includes a statutory requirement that couples who enter into such marriage receive counseling prior to obtaining a judgment of divorce or a judgment of separation; nothing in that act or in any other statute or case in Louisiana jurisprudence requires the parties to obtain counseling prior to filing a suit stating a valid cause of action for incidentals to divorce, particularly child support and custody, and including spousal support. Indeed, provisions within the Covenant Marriage Act itself, i.e., La. R.S. 9:308A, La. R.S. 9:291 and La. R.S. 9:293, indicate that causes of action incidental to divorce (such a spousal and child support, and custody), and even the cause of action for divorce or separation, are viable, notwithstanding that counseling is required before a judgment of separation or divorce can be rendered. Thus, Ms. Johnson has stated a cause of action.
CONCLUSION
Therefore, we conclude the trial court legally erred in sustaining Mr. Johnson’s exception raising the exception of no cause *646 of action and in dismissing Ms. Johnson’s claims. Accordingly, the judgment of the trial court is hereby reversed. This matter is remanded to the trial court for further proceedings in accordance herewith. Costs of this appeal are assessed to Joey J.E. Johnson.
REVERSED AND REMANDED.

. The act defines a covenant marriage as one entered into by parties "who understand that and agree that the marriage between them is a lifelong relationship.” La. R.S, 9:272A. This subsection further provides that the couple must Have special counseling before entering into a covenant marriage and only when there has been a complete and total breach of *644 the marriage commitment may the non-breaking party seek a divorce. The parties to a covenant marriage must make the following declaration of intent: "We do solemnly declare that the marriage is a covenant between a man and a woman who agree to live together as husband and wife for as long as they both may live.” La. R.S. 9:273A(1). Welsh v. Welsh, 2000-1694 (La.App. 5 Cir. 3/14/01), 783 So.2d 446, 447.

.' Grounds (1) through (5) are omitted as they are identical to those listed in Subsection A.

. Subsection A of La. R.S. 9:308 provides: Unless judicially separated, spouses in a covenant marriage may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code; for restitution of separate property; for separation from bed and board in covenant marriages, for divorce, or for declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart, although not judicially separated.